OPINION.
Richardson, J.,
delivered the opinion of the court:
The claimant moves for a new trial of his case, decided at the present term (ante, 217), and assigns five grounds therefor: four for alleged errors of fact, and one of law.
As to the facts, it is not alleged that there has been discovered any new evidence bearing upon them. Pages of the printed record are referred to as all that is relied upon in support of the alleged errors. The evidence thus referred to was all before the court at the hearing,- was commented upon by claimant’s counsel, and was carefully and fully considered by the court in making up its judgment. The case was not hastily tried, nor in its consideration did the court fail to examine and weigh, with great deliberation, every part of the evidence and all the points and arguments of the claimant’s counsel.
*290 Two of the grounds assigned for error are that the court omitted to find that the claimant did certain work for which he is entitled to payment from the District. In making the finding of facts of a case the court sets out only 11 the facts established by the evidence,” in accordance with the rule on that subject prescribed by the Supreme Court.
Facts alleged on the one side and the other which the court does not find to be established are omitted as not proved.
In this particular case, however, out of a superabundance of caution, in order that the findings might show that we had taken into consideration the evidence and arguments as to the many facts alleged by the claimant, which we did not regard as established, we did insert the following finding:
It does not appear that the claimant did any work for the District under the contracts set forth in his petition or otherwise claimed therein which is not specified in these findings, except such as he has heen paid for in full. (Finding VIII, ante, 223).
This motion refers to the very evidence which we considered when making that finding, and which then failed to satisfy us-that it established the facts alleged. We have now re-examined it without seeing any reason for supposing that our minds-would be changed by a reargument, nor do we find any material fact omitted.
Two other grounds assigned for a new trial are, that the court came to erroneous conclusions upon the evidence of the record referred to; and the last ground is, that the court erred in matter of law. Upon considering the evidence and cases referred to we do not find any error in either particular, or any new light upon the subject, which would seem to warrant a re-argument.
In point of fact the claimant’s motion is simply that he may have a new trial in order to reargue his whole case upon the law and the facts exactly as they were before us at the other hearing, without the slightest indication that he has anything new to offer,
The reargument of cases- cannot be permitted upon the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged, with no more satisfactory results, as there would still be a losing party in the end.
*291 This subject was fully reviewed in the case of Calhoun v. The United States (14 C. Cls. R., 193), in an opinion by Judge Davis, to which we refer as correctly presenting the circumstances under which new trials may be granted or refused.
The claimant’s motion is overruled.