OPINION.
Richardson, Ch. J.,
delivered the. opinion of the court:
Rules IV and V of the Supreme Court, in relation to appeals from the Court of Claims, are now as follows:
“Rule IV. In all cases in which either jiarty is entitled to appeal to the Supreme Court, the Court of Claims shall make and file their findings of facts and their conclusions of law therein, in open court, before or at the time they enter judgment in the case.
“ Rule V. In every such case each party, at such time before trial and in such form as the court may prescribe, shall submit to it a request to find all the facts which the party considers proven and deems material to the due presentation of the case in the finding of facts.’7
Formerly the provisions of Rule V were quite different, and were as follows:
“ In all such cases either party, on or before the hearing of the cause, may submit to the court a written request to find specifically as to any matter of fact which such party may deem material to the judgment in the case; and if the court fails or refuses to find in accordance with such prayer, then such prayer and refusal shall be made a part of the record certified on the appeal to this court.” (9 Wall., vii.)
After several years’ trial, experience proved that the practice under the old Rule V led to great difficulties and embarrassments, without contributing in any degree to the better presentation of the case. The requests for findings of fact filed by the parties were often so diffuse in language, and so interspersed with irrelevant matter, evidence, and propositions of law, either directly or inferentially, that a satisfactory finding or ruling upon each one separately could not well be made, and if made, its bearing upon the case, as presented by the findings of the court, drawn with reference to each other and all property connected together, was difficult to as certain.
Accordingly the Supreme Court changed that rule several years ago (January 29, 1879), As it now stands this court is *511 not required to find specifically and separately as to all matters of fact in the form requested by the parties. It must make “a finding of the facts in the c«se, established by the evidence, in the nature of a special verdict,” to constitute part of the record upon which the case may be reviewed by the Supreme Court on appeal, as prescribed by the second paragraph of its first rule on the subject; and that has been done in the present case. ( Ante, p. 70.)
The requests required to be submitted by the parties are for the assistance of the court in making up its finding, and not for the purpose of obtaining specific rulings on each one separately in'the form by them presented.
The practice of the court is to give to the requests of the parties the fullest consideration and the most careful scrutiny, and, without finding or ruling upon each one separately, to make up an accurate and connected finding, in its own language, in such" way as to cover every material fact asked for on either side, and to present to the Supreme Court on appeal a clear and concise statement of the case, upon which questions of law may be there reviewed.
If the claimant’s present request should be complied with, the Supreme Court on appeal would have before it two series of findings, and if also a like course should be pursued in reference to the defendants’ requests, it would have three series, instead of one as contemplated by paragraph 2 of Rule I above mentioned. That would lead to difficulty if not to confusion and uncertainty.
The motion is overruled.
Subsequent to the foregoing decision, and during the vacation of the court, the claimant filed the requests hereinafter setforth; and after their consideration by the judges who heard the previous motion, the order and opinion which follow were filed:
CLAIMANT’S REQUEST TO CLERK.

To the cleric of the Court of Claims:

The Union Pacific Railway Company having taken an appeal in this cause, under sections 707, 708, and 5261 of the Revised Statutes of the United States, giving such appeal, which last- *512 named section also provides for hearing such appeal by the Supreme Court on the merits, you are hereby requested and directed by the said appellant in making up the record of appeal for the Supreme Court to embrace therein, in addition to the pleadings, the opinion and final judgment or decree of the court, the findings of fact by the Court of Claims and its conclusions of law thereon, the following, to wit: All requests to find facts submitted by either party to the court, and particularly the requests for finding of facts marked A and B, annexed to a motion heretofore filed in said cause by the said Union Pacific Railway Company, on or about the 1st day of June, 1885, and the said motion and the order or opinion of the court thereon.
John F. Dillon,
SlIELLAB ARGER & WILSON,

Attorneys for Glaima/nt.

Filed September 10, 1885.
claimant’s request to court.

To the honorable the judges of the Court of Claims :

Claimant, the Union Pacific Railway Company, respectfully shows:
1. That from the judgment of the court in the above-entitled cases (consolidated) on the 21st day of August, A. D. 1885, the defendants took an appeal to the Supreme Court of the United States.
2. That on the 22d day of August, A. D. 1885, the claimant likewise appealed to said Supreme Court from the said judgment.
3. That the claimant has filed with the clerk of the said Court of Claims a praecipe requesting and directing said clerk to insert in the transcript of the record to be filed in the said Supreme Court all the requests of the claimant for findings of facts filed by the claimant under the rules of the court, and especially the requests mentioned in and attached to a motion filed by the claimant asking that the court find the facts specified in the said requests attached to the said motion, which said motion and the requests thereto attached, and which are already of record, claimant prays may be considered as a part of this petition.
4. Claimant further respectfully represents that it is advised *513 by counsel and therefore avers that the insertion of the said requests hereinbefore alluded to in the said record is important to the due and proper presentation of the matters involved in said case to the said Supreme Court of the United States, and especially with reference to the determination of the question as to what is a fair and reasonable compensation for the transportation of the mails.
Prayer. — Claimant therefore prays that the said clerk be directed by the court in the preparation of the record to insert therein the said claimant’s requests for findings of facts herein-before mentioned.
John F. Dillon,
Shelladarger & Wilson,

Attorneys of Claimant.

Filed September 14, 1885.
ORDER TO THE CLERK.
Upon the foregoing requests, the court directs the clerk to embrace in the transcript of the record to be certified to the Supreme Court all that is therein asked for except “ all requests to find facts submitted by either party to the court and particularly the requests for findings of facts, marked A and 33, annexed to a motion heretofore filed in said cause by said Union Pacific Railway Company, on or about the 1st of June, 1885, and the said motion and the order or opinion of the court thereon,” which will be omitted.
OPINION.
Richardson, Ch. J.,
filed the opinion of the judges who heard the case.
The “Regulations prescribed by the Supreme Court of the Utates States under which appeals may be taken from the Court of Claims to said Supreme Court ” prescribe as follows:
“ Rule 1. In all cases hereafter decided in the Court of Claims, * in which, by the act of Congress, such appeals are allowable, they shall be heard in the Supreme Court upon the following record, and none other:
“1. A transcript of the pleadings in the case, of the final judgment or decree of the court, and of such interlocutory orders, rulings, judgments, and decrees as ihay be necessary to a proper review of the case.
*514 “2. A finding by the Court of Claims of the facts in the case, established by the evidence, in the nature of a special verdict, but not the evidence establishing them; and a separate statement of the conclusions of law upon said facts on which the ■court found its judgment or decree. The finding of facts and conclusions of law to be certified to this court as part of the record.”
In the present case, the court made and filed, at the time of entering judgment, “ a finding of the facts in the case established by the evidence, in the nature of a special verdict” (ante, p. 70), and it will be certified as part of the record required by the second paragraph of the above rule.
The requests tor findings of fact submitted by the parties before trial are for the assistance of the court, and not for the purpose of laying a foundation for review on appeal. They no more form part of the record for appeal than do the briefs and printed arguments. Nor can the parties make them part ■of the record by annexing them to a motion requesting the court to find seperately and specifically as to each one. Such a motion adds nothing to the requests previously filed but merely renews them, and the court was bound to do no more upon the motion than it was required to do upon the requests when first submitted, and that was to make “ a finding of the facts established by the evidence,” which was done, and the same will be embraced in the transcript of the record.
No motion has been made for a new trial, specifying errors ■or omissions in the findings, and none such have been suggested to the court in any form. (Calhoun's Case, 14 C. Cls. R., 193, Roches Case, 18 C. Cls. R., 289.)
In our opinion the Supreme Court would not undertake to compare the findings of this court with the voluminous requests of the parties (embracing more than eighty printed pages), for the purpose of determining whether or not we had covered the whole ground, and, therefore, would not sanction the sending up of such a mass of useless matter.
In the case of De Groot (5 Wall., 419, and 7 C. Cls. R., 5), Mr. Justice Miller, speaking for the court, said: “We take this occasion to say that we shall adhere strictly to the rules we have prescribed, and shall regard no other matter found in the transcripts sent'to us than what they allow; and that in proper *515 cases tbe cost of the useless part of the record will be taxed against the party who brings it here.”
In overruling the claimant’s motion of June 1, to have the court find separately and specifically as to each one of its requests, we expressed our views on this subject, and on further reflection we reaffirm the same and make them part of this opinion. (See ante, p. 508.)