The **NORMAN CORPORATION, etc.,**
**et al., Plaintiffs and Appellants,**

v.

**DISTRICT DIRECTOR OF INTERNAL**
**REVENUE, Appellee.**

No. 25240.

United States Court of Appeals,
Ninth Circuit.

Aug. 16, 1971.

Thomas A. Foley (argued), of Foley Brothers, Las Vegas, Nev., for plaintiffs and appellants.

Gary R. Allen (argued), IRS, Lee A. Jackson, William A. Friedlander, of Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Washington, D. C., Bart M. Schouweiler, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before CHAMBERS and CARTER, Circuit Judges, and BYRNE, Senior District Judge.

CHAMBERS, Circuit Judge:

The judgment of the district court in this tax refund case involving the federal excise tax on blackjack gambling units is affirmed.

The question is whether the tax should have been levied on each unit or on each player position served by the unit. Involved are taxes for the tax year ending June 30, 1967. The district court ruled that each player position was a "coin-operated gaming device," taxable under 26 U.S.C. 4461(a).

Two similar types of units are involved, one made by United Coin Machine Co., Inc. (United), the other by Alstate Coin Machine Co., Inc. (Alstate). Housed in each unit are several individual mechanisms designed to serve the special purpose of ministering to the urges of a single player. United's unit allows two persons to play at once; Alstate makes room for three.

A difference of opinion regarding proper taxation of its units arose between United and the Reno, Nevada, district director of internal revenue. The district director submitted the question to the Excise Tax Branch of the Internal Revenue Service in Washington, D. C.

In January, 1963, that office advised the district director that only one tax per unit was proper. A copy of this advice was given to United by the district director. Alstate soon found out about the advice.

Thereafter, United and Alstate manufactured and sold units to The Norman Corporation (Norman) and Andrew Tompkins, appellants herein, as well as to others. Each sales contract held the purchaser harmless for any taxes levied in excess of one per unit.

Norman and Tompkins paid one tax per unit each tax year until the year in question. They, too, were aware of the topside advice given the district director.

In January, 1966, the district director, without further advice from Washington, notified all concerned parties that the blackjack units would be subject to one tax for each player position for tax years commencing after January, 1966.[1] Norman and Tompkins were assessed accordingly for the tax year commencing July 1, 1966. Both paid the taxes and, joined by United and Alstate,[2] filed suit for a refund.

■ The assessment was proper. The district director found appropriate support for the assessment in Rev.Rul. 56–139, 1956–1 Cum.Bull. 533. The district court found appropriate support for the assessment by factual analysis. Both interpreted § 4461(a) reasonably.

■■ Appellants assert that the advice given the district director in January, 1963, was a technical advice memorandum upon which they could properly rely. We cannot agree. The advice was not directed to them specifically. See Bookwalter v. Brecklein, 357 F.2d 78 (8th Cir. 1966) and 26 CFR 601.105(b) (5) (i) (a). Besides, the assessment was levied in a later tax period. As such it was of no aid to appellants. 26 CFR 601.105(b) (5) (vii) (c).

---

1.  This position was formalized in Rev.Rul. 68–53, 1968–1 Cum.Bull. 510.

2.  United and Alstate were dismissed as not proper parties. Neither was assessed the taxes in question. Their dismissal is not challenged here.