**AT & T CORPORATION & SUBSIDIARIES,** Plaintiff,

v.

**The UNITED STATES, Defendant.**

**No. 01–280T.**

United States Court of Federal Claims.

Dec. 1, 2004.

ness doctrine to dismiss complaint).

Joseph M. Persinger, New York, New York, attorney of record for plaintiff.

W.C. Rapp, Washington, D.C., with whom was Assistant Attorney General Eileen J. O'Connor, for defendant.

### OPINION

REGINALD W. GIBSON, Senior Judge.

## I.  INTRODUCTION

Before us is plaintiff's October 28, 2004 Motion for Reconsideration, filed pursuant to RCFC 59.  Said motion arises from our October 18, 2004 opinion denying plaintiff's motion for summary judgment and granting defendant's cross-motion for summary judgment.  *See AT & T Corp. & Subsidiaries v. United States,* 62 Fed.Cl. 490 (2004).  The action underlying the instant motion required us to determine the applicable end date for the calculation of interest due to the taxpayer on a 1978 overpayment of tax that was credited to offset a 1981 tax deficiency, and not refunded to the taxpayer.  In this connection, we determined that, under the facts presented by the record, the applicable date upon which overpayment interest *ceased to accrue* preceded the date on which overpayment interest *began to accrue.*  Thus, we held, given the foregoing, that AT & T was not entitled to any interest with respect to the 1978 overpayment at issue.

AT & T now alleges in its motion for reconsideration that this court erred "(i) in stating that Technical Advice Memorandum 9443007, 1994 WL 589253 'was later directly contradicted[;]' (ii) in holding that Field Service Advice 199925005, 1999 WL 424832 'carries greater persuasive weight[;]' and, (iii) as a result of the aforementioned mistakes, in failing to consider and apply the rationale of Technical Advice Memorandum 9443007 as it applies to the facts of this case."  P's Mot. for Reconsid. at 1. Given the foregoing, plaintiff vehemently argues that it is entitled to prevail on the instant motion for reconsideration, because, absent the alleged errors cited by plaintiff, it must be accorded judgment as a matter of law.  For the reasons set forth *infra,* we hold that plaintiff has failed to establish a satisfactory basis for its motion for reconsideration, in light of the standard for granting said motion.  Consequently, we are constrained to DENY plaintiff's motion for reconsideration of our judgment on the merits.

## II.  BACKGROUND

In our published opinion addressing the underlying litigation on the merits, we set forth the operative facts in substantial detail.  *See AT & T Corp. & Subsidiaries v. United States,* 62 Fed.Cl. at 491–92.  Consequently, our factual recitation herein shall be brief, and will include only a summation of our October 18, 2004 opinion.

As a result of AT & T's corporate income tax return filing relative to the 1984 tax year, AT & T became eligible to claim a tentative refund of its 1981 taxes ("1981 refund").

Said refund issued to plaintiff on March 25, 1985. Thereafter, a portion of the 1981 tax refund was determined to be in error, and was therefore recaptured via a September 14, 1994 assessment relative to the 1981 tax year ("1981 deficiency"). On or about May 19, 1995, an abatement of tax was posted to plaintiff's 1978 tax account ("1978 overpayment"), which also traced its origins to the 1984 tax year. A portion of the 1978 overpayment was credited to plaintiff's 1981 tax account on or about June 16, 1995, to fully offset plaintiff's deficiency therein. Plaintiff was not accorded any interest on the portion of the 1978 tax overpayment that was credited thusly to the 1981 deficiency.

Interest calculations for overpayments of tax are governed by 26 U.S.C. § 6611, which provides that, when an overpayment is credited to offset a deficiency, the taxpayer shall be accorded interest "from the date of the overpayment to the due date of the amount against which the credit is taken." 26 U.S.C. § 6611(b)(1). AT & T argued that, pursuant to the cited statute, it was entitled to interest on the portion of the 1978 overpayment that was credited to its 1981 deficiency. Both parties stipulated that the effective date of the overpayment was March 15, 1985, which coincides with the due date of plaintiff's 1984 taxes from which the overpayment originated. Moreover, both parties concurred that March 15, 1985 was therefore "the date of the overpayment" referenced in 26 U.S.C. § 6611(b)(1). Additionally, plaintiff averred that interest accrued until March 25, 1985, which coincides with the date of the erroneous tentative refund that gave rise to the 1981 deficiency. March 25, 1985 was, according to AT & T, "the due date of the amount against which the credit is taken," under 26 U.S.C. § 6611(b)(1). As a consequence, plaintiff alleged an entitlement to interest for the ten (10) day period between March 15, 1985 and March 25, 1985.

In contrast, the defendant contended that 26 U.S.C. § 6611 and Federal Circuit precedent mandated that the ending date ("to-date") for the purpose of overpayment interest calculations was the *due date* of the taxes for the tax year (to wit, 1981) against which the overpayment was credited. Hence, as the subject portion of the 1978 overpayment was credited to offset a 1981 tax deficiency, the to-date for overpayment interest calculations was March 15, 1982—the date on which the taxpayer's 1981 taxes became due.

After a thorough discussion of 26 U.S.C. § 6611, corresponding Treasury Regulation § 301.6611–1, and a recent Federal Circuit opinion interpreting same,[1] we *concluded* that the government's legal position was correct. So concluding, we granted defendant's motion for summary judgment and, correspondingly, denied plaintiff's cross-motion for summary judgment.

## III. DISCUSSION

### A. Standard of Review

■ Motions for reconsideration are governed by RCFC 59, and are granted at the sole discretion of the court—not as a matter of right. *See Yuba Natural Resources, Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir.1990); *see also Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed.Cir.2000). A showing of *extraordinary circumstances* is necessary before a party may prevail on its motion for reconsideration. *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. at 300 (citing *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir.1986)). "This showing, under RCFC 59, must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court." *Fru–Con Constr. Corp. v. United States*, 44 Fed.Cl. at 300 (internal citations omitted). In other words, a motion for reconsideration is im-

---

1. *Marsh & McLennan Cos., Inc. v. United States*, 302 F.3d 1369 (Fed.Cir.2002). In that case, the Federal Circuit faced a fact pattern nearly identical to that presented by the instant action. The only factual distinction is that Marsh & McLennan's tax deficiencies occurred as a result of erroneously high credit elect transfers to the subsequent tax year, as opposed to an erroneously high refund paid to the taxpayer, as in our case. As a result of that minor distinction, we determined that *Marsh & McLennan* was highly instructive and strongly persuasive as precedent with respect to the subject case, but was not obligatory authority, as the two cases were not on all fours.

proper when based upon "the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise a losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged." *Roche v. District of Columbia,* 18 Ct.Cl. 289, 290, 1800 WL 1263 (1883).

As applied to the instant motion, plaintiff alleges that the court manifestly erred "in failing to consider and apply the rationale of Technical Advice Memorandum (TAM) 9443007 as it applies to the facts of this case." P's Mot. for Reconsid. At 1.

### B. Application of TAM 9443007 to the Facts of this Case

■ Foremost, we note that plaintiff presents no new facts nor arguments via the motion at bar. In its motion for summary judgment, plaintiff beseeched this court to find that the facts presented by this case differed in some material way from *Marsh & McLennan* [2] such that its application to the instant matter was improper. Instead, plaintiff implored us to follow TAM 9443007—a ten-year old IRS determination that held, under facts identical to those at bar, that the taxpayer is entitled to interest until the date of the excessive refund, not the due date of the tax return for the year against which the credit is taken. In response to our October 18, 2004 opinion, on the merits, in favor of the defendant, AT & T's current position is that our failure to follow said TAM is a mistake so grave as to require us to reverse our prior ruling, and grant it judgment as a matter of law. We cannot agree.

Plaintiff's contentions that we erred "(i) in stating that Technical Advice Memorandum 9443007 'was later contradicted[;]' [and] (ii) in holding that Field Service Advice 199925005 'carries greater persuasive weight[;]' " are

**2.** See note 1, *supra.*

**3.** TAM 9443007 was not issued to AT & T, and "this court has made clear that such guidance only has precedential value as to the specific taxpayers to which they are issued." *Schlumberger Tech. Corp. & Subsidiaries v. United States,* 55 Fed.Cl. 203, 212 (2003) (citing *Vons Cos., Inc. v. United States,* 51 Fed.Cl. 1, 9 (2001)). "Taxpayers other than those to whom such [private let-

entirely baseless. This is so because, as our October 18, 2004 opinion made perfectly clear, "our reading of Federal Circuit precedent and our independent reading of § 6611 and Treasury Regulation § 301.6611–1 constrain us to hold that the applicable to-date, under these facts, is March 15, 1982." *See AT & T Corp.,* 62 Fed.Cl. at 497. Thus, the aforementioned verbiage cited by plaintiff relative to written determinations of the IRS was not necessary to our holding; but rather, it was mere *dicta.* In other words, we did not fail to apply TAM 9443007 because we believed that said TAM was later contradicted by another written determination, to which we gave greater deference. On the contrary, we did not give TAM 9443007 (or any written determination of the IRS) deference because our holding was unequivocally guided by our independent interpretation of the applicable law and Federal Circuit precedent, most notably, *Marsh & McLennan Cos., Inc. v. United States,* 302 F.3d at 1369.

In addition, plaintiff's averment that we resultantly erred "in failing to consider and apply the rationale of Technical Advice Memorandum 9443007," is similarly unavailing. As noted above, we found that the statutes and case law resolved any ambiguity as to the required result under these facts. Furthermore, even if we were unconvinced that the relevant law and Federal Circuit precedent dictated a particular result, *i.e.,* if we found that an ambiguity existed that required resolution by the court, "[p]rivate letter rulings and technical advice memoranda, in accordance with [26 U.S.C.] section 6110(k)(3) of the Code, may not be used or cited in any precedential way and thus, *a fortiori,* may not be used to support, in any fashion, an argument that one interpretation of the Code is more authoritative than another." [3] *Vons Cos., Inc. v. United States,* 51 Fed.Cl. 1, 9 (2001). Stated differently, this

ter] rulings or [Technical Advice] memoranda were issued are not entitled to rely on them." *Lucky Stores, Inc. and Subsidiaries v. Commissioner,* 153 F.3d 964 (9th Cir.1998) (citing *Norman Corp. v. District Director of Internal Revenue,* 446 F.2d 1374, 1375 (9th Cir.1971); *Minchin v. Commissioner,* 335 F.2d 30, 32–33 (2d Cir.1964); Rev. Proc. 90–2, 1990–1 Cum. Bull. 386, 398, 1990 WL 624974).

court is not obligated to follow the rationale supplied by an analogous written determination of the IRS, although we *may* "in the absence of authority to the contrary, accept the reasoning of a technical advice memorandum as persuasive." *McKnight v. Commissioner*, 58 T.C.M. (CCH) 1390, 1393, 1990 WL 11099 (1990). With respect to the matter at bar, we found "authority to the contrary" of TAM 9443007. *Id.* Moreover we noted, irrespective of authority to the contrary, we were unpersuaded by the analysis contained in TAM 9443007. Accordingly, we hold that we did not err in disregarding TAM 9443007, a contrary, decade-old, non-precedential written determination of the IRS. Hence, we are constrained to hold that plaintiff has failed to carry its burden relative to the instant motion for reconsideration.

## IV. CONCLUSION

Based upon all of the foregoing, plaintiff's October 28, 2004 Motion for Reconsideration is hereby DENIED.

**IT IS SO ORDERED.**