**HUNTLEIGH USA CORPORATION,**
Plaintiff,

v.

**The UNITED STATES, Defendant.**

No. 03–2670C.

United States Court of Federal Claims.

April 21, 2005.

Jonathan Jacob Lerner, Skadden, Arps, Slate, Meagher & Flom, L.L.P., New York, N.Y., with whom was Lauren E. Aguiar, Skadden, Arps, Slate, Meagher & Flom, L.L.P., for plaintiff.

Kyle Chadwick, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Mark A. Melnick, Assistant Director, for defendant. Amy Allen Ruggeri, Assistant Chief Counsel For Litigation, and Janessa Grady, Attorney–Advisor, Office of Chief Counsel, Transportation Security Administration, of counsel.

## OPINION

MARGOLIS, Senior Judge.

Before the Court is defendant's January 31, 2005 Motion for Reconsideration, filed pursuant to R. Ct. Fed. Cl. 59(a)(1) ("RCFC"). The motion arises from the January 7, 2005 opinion denying defendant's motion to dismiss plaintiff's complaint. *See Huntleigh USA Corporation v. United States,* 63 Fed.Cl. 440 (2005). There, plaintiff asserted that defendant violated the Takings Clause of the Fifth Amendment to the United States Constitution when it federalized airport security at all domestic commercial airports, thereby displacing Huntleigh, who had previously provided these services to various air carriers. Further, plaintiff alleged that defendant violated § 101(g) of the Aviation and Transportation Security Act, P.L. No. 107–71, 115 Stat. 597 ("ATSA") when it refused to provide plaintiff with adequate compensation for the loss of its private screening contracts. The Court denied defendant's motion to dismiss both counts of plaintiff's claim. Defendant now seeks reconsideration of the Court's ruling. After careful consideration of the entire record, the Court denies the motion.

### DISCUSSION

Motions for Reconsideration are governed by RCFC 59 and are granted at the sole discretion of the Court. *AT & T Corp. & Subsidiaries v. United States*, 63 Fed.Cl. 209, 211 (2004). "[A] motion for reconsideration is improper when based upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Id.* at 211–212 (quoting *Roche v. District of Columbia*, 18 Ct.Cl. 289, 290, 1800 WL 1263 (1883)). To sustain its burden, the movant must show: (1) that an intervening change in the controlling law has occurred; (2) that previously unavailable evidence is now available; or (3) that the motion is necessary to prevent manifest injustice. *Fru–Con Const. Corp. v. United States*, 44 Fed.Cl. 298, 301 (1999). "The movant may not merely recapitulate 'cases and arguments considered by th[e] court before rendering its original decision.'" *Id.* (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F.Supp. 705, 706 (D.N.J.1989)).

Defendant alleges three grounds for reconsideration: (1) that the Court is mistaken in finding that plaintiff's complaint alleges a constitutional taking of its contracts; (2) that plaintiff enjoyed no reasonable expectation of continuing in the screening business because it had no bargained-for rights to the continuance of its contractual relationships with the airlines; and (3) that plaintiff has failed to state a claim for relief because the plaintiff did not allege that the government assumed any of plaintiff's contracts with the airlines.

The defendant presents no new facts nor arguments in its motion for reconsideration. The government argues that plaintiff never alleged that the government took its contracts or tangible assets and that by finding that plaintiff sufficiently alleged a taking of its contracts and tangible assets, the Court was in error. The government asserts that Huntleigh failed to state a constitutional takings claim, as a matter of law, and that a taking of contracts is not the same as a mere impairment of contractual relations. Plain-

tiff, on the other hand, asserts that whether a regulation goes too far in impairing a contract requires a careful analysis of the *Penn Central Transp. Company v. United States* factors at trial. *See* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).

This issue was addressed in the January 7, 2005 opinion where this Court stated that "[m]ore than rewriting the contracts between Huntleigh and the nation's airlines, the government has taken over Huntleigh's position as the contractor, and has created for itself a sweeping monopoly over the entire industry." *Huntleigh*, 63 Fed.Cl. at 447–448. This statement reflects the Court's opinion, at that time, that the degree to which the government took Huntleigh's business necessitates a *Penn Central* factual analysis at trial. The Court notes that for purposes of the motion to dismiss, the Court assumed the facts alleged by the plaintiff were true. Discovery and trial may lead to a later contrary finding.

The government's assertion that Huntleigh failed to allege that its contracts were taken was also addressed in the January 7, 2005 opinion. There, this Court stated:

> Count I of Huntleigh's complaint alleges that the government took the goodwill and going-concern value of its business and does not mention contracts. However, throughout the complaint Huntleigh asserts that it lost its screening contracts as a direct result of the government's actions. Because a court must construe the allegations in the complaint broadly and in plaintiff's favor in considering a motion to dismiss, this Court finds that Huntleigh's complaint sufficiently alleges a taking of both its screening contracts and its goodwill and going-concern value. *See First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1287 (Fed. Cir.1999) ("Because granting [a motion to dismiss] summarily terminates the case on its merits, courts broadly construe the complaint.") (quoting *Ponder v. United States*, 117 F.3d 549, 552–53 (Fed.Cir. 1997)).

*Huntleigh*, 63 Fed.Cl. at 443, FN 1.

In addition, this Court held that *Rith Energy v. United States*, 44 Fed.Cl. 108 (1999),

was distinguishable from the present case because *Rith Energy* involved claimants who were found to present a danger to the public, whereas plaintiff, on the other hand, had asserted that it did not present a danger to the public. *Huntleigh,* 63 Fed.Cl. at 448. Defendant asserts that by ruling that the performance of a screening company is a relevant question of fact, the Court has "extend[ed] ... Huntleigh the backdoor opportunity to use the judicial system to essentially challenge Congress' national security decision to federalize security screening." Def's Mtn. For Reconsideration at 7. This is not so, because, for the purposes of a motion to dismiss, the Court is required to accept plaintiff's assertions as true. Further, the comparison of Huntleigh to *Rith Energy* was made under the first prong of the *Penn Central* takings analysis, a purely factual analysis. *See Penn Central,* 438 U.S. at 124, 98 S.Ct. 2646 (stating that the takings analysis is an "ad hoc, factual inquir[y]"). This Court, in its January 7, 2005 opinion, stated: *"[A]t this stage of the proceeding,* this Court does not consider the nature of the government's action to have been an appropriate exercise of police power. Rather, this Court holds that the nature of the government's action is the type that *may* require compensation, *such that plaintiff should have the opportunity to present evidence."* 63 Fed.Cl. at 449 (emphasis added). By denying defendant's motion to dismiss, the Court has not made a final determination regarding Huntleigh not being a danger to the community, and only after discovery and a trial will plaintiff's assertion be proved or disproved.

Finally, the government suggests that by failing to dismiss Count II of plaintiff's complaint, the Court prematurely and without adequate support made a finding regarding Government liability on Count II. The Court held that the government assumed plaintiff's contracts when, at the end of the interim period, it transferred all of plaintiff's security responsibilities to TSA personnel. *Huntleigh,* 63 Fed.Cl. at 451. Again, the Court assumed for the purposes of the motion to dismiss, plaintiff's allegations were true. Later factual development and trial could lead to a different conclusion. The Court stated in its January 7, 2005 opinion that the "issues in Count II clearly necessitate the development of a factual record." *Id.*

The government has failed to meet the standards required to prevail on a motion for reconsideration. Plaintiff is correct that: (1) the government has not suggested an intervening change in the controlling law; (2) the discovery of previously unavailable evidence is irrelevant at the dismissal stage; and (3) the government has failed to argue that its motion for reconsideration is necessary to prevent manifest injustice. The government has failed to sustain its burden of proof on any of the standards. *See e.g., CW Gov't Travel, Inc. v. United States,* 63 Fed.Cl. 459, 462 (2005).

### CONCLUSION

For the foregoing reasons, the Court DENIES the defendant's motion for reconsideration.