# In the United States Court of Federal Claims

No. 19-1905

(Filed: 7 September 2021)

NOT FOR PUBLICATION

```
*****************************************
DEAN ALLEN STEEVES,                      *
                                         *
                Plaintiff,               *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                Defendant.               *
                                         *
*****************************************
```

*Dean Allen Steeves*, Rancho Santa Fe, CA, *pro se*.

*Elizabeth Ann Kanyer*, Attorney of Record, with whom were *Richard E. Zuckerman*, Principal Deputy Assistant Attorney General, *David I. Pincus*, Chief, Court of Federal Claims Section, and *Mary M. Abate*, Assistant Chief, Court of Federal Claims Section, U.S. Department of Justice, all of Washington, D.C., for defendant.

## ORDER

**HOLTE, Judge.**

*Pro se* plaintiff Dean Allen Steeves brought suit against the government alleging IRS employees are violating the law in their attempt to collect federal income tax liabilities assessed against Camp Noble, Inc. ("CNI"), a corporation registered in California. Before adjudicating the government's motion to dismiss, the Court ordered plaintiff to join or substitute CNI as the real party in interest before 25 January 2021. Plaintiff failed to do so, instead filing on 25 January 2021 a response to the Court's order. The Court struck plaintiff's "response" to the Court's order and allowed plaintiff additional time to join or substitute the real party in interest. On 23 and 24 February 2021, plaintiff filed three substantively identical motions "objecting" to the Court's order. On 31 August 2021, the Court directed the Clerk's Office to accept one of plaintiff's filings as a motion for reconsideration of the Court's 9 February Order directing him to join or substitute the real party in interest. For the following reasons, the Court **DENIES** plaintiff's motion for reconsideration of the Court's 9 February Order. Plaintiff has failed to join or substitute the real party in interest despite numerous instructions to do so by the Court, and the Court therefore instructs the Clerk of Court to **DISMISS** the case pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims.

## I. Factual and Procedural History

Plaintiff filed a complaint on 13 December 2019, alleging the IRS engaged in both statutory and constitutional violations in its pursuit of CNI's assessed tax liabilities. *See* Urgent Complaint ("Compl."), ECF No. 1 at 2. Plaintiff's suit stems from actions by the IRS in 2019 seeking collection of the assessed tax liabilities of CNI. *Id.* On 18 November 2019, the IRS issued a notice of intent to levy CNI's property if it did not pay its outstanding tax burden for the years 2009 and 2010. ECF No. 1-1 at 9–10. Plaintiff commenced this action on 13 December 2019, arguing the government was "violating Constitutional and Congressional/Statutory Laws" in its pursuit of CNI's tax balance because CNI is an "integrated auxiliary" of a "Private Mandatory Tax-Excepted Self-Supporting Ministry," Brother's Keeper Ministries ("BKM")[1]. Compl., ECF No. 1 at 2. Plaintiff seeks an immediate stay of the IRS's "notice of Intent to Levy" and an injunction requiring the IRS to explain why it is "not obeying the Constitutional/Statutory Law explicitly legislated for it to obey." *Id.* at 6. The government moved to dismiss plaintiff's complaint on 17 April 2020, arguing "the taxpayer, Camp Noble, Inc. . . . failed to prosecute its claims; and that, in any event, the Court lacks jurisdiction over the subject matter." Mot. of the United States to Dismiss the Compl. for Failure to Prosecute and for Lack of Jurisdiction ("Gov. Mot. to Dismiss"), ECF No. 17 at 1. Plaintiff filed a response to the motion to dismiss on 14 July 2020. *See* Pl.'s Resp. to Defense Counsel's Mot. to Dismiss Opening Statement ("Pl.'s Resp. to Mot. to Dismiss"), ECF No. 21. The government filed a reply on 31 July 2020, to which plaintiff filed a surreply by the Court's leave on 7 August 2020. Reply in Supp. Of Mot. of the United States to Dismiss the Compl. for Failure to Prosecute and for Lack of Jurisdiction, ECF No. 22; Mot. for Permission to Respond to Def.'s Reply in Supp. Of Mot. to Dismiss, ECF No. 23; Order, ECF No. 25.

On 24 November 2020, the Court ordered Camp Noble, Inc. be joined as "the real party in interest in this case, as it is the only entity affected by the Court's judgment." Order, ECF No. 26 at 2–3. Further, the Court stated, "[a]s CNI is a California corporation under General Corporation Law of California and Mr. Steeves does not qualify for any exception to the real party in interest rule detailed in RCFC 17(a), plaintiff Mr. Steeves is unable to sue in place of CNI." *Id.* at 3. Pursuant to RCFC 17, the Court provided plaintiff with "the opportunity to cure the defects in his complaint, regardless of whether the complaint includes other jurisdictional deficiencies," by ordering plaintiff to join or substitute CNI as the real party in interest on or before 25 January 2021. *Id.* at 3. Plaintiff failed to join the real party in interest, CNI, by this deadline. *See* Order to Strike Pl.'s Resp, to Court Order, ECF No. 28 at 1–2. On 25 January 2021, plaintiff instead filed a document titled "Response to Court Order to Have Plaintiff Join or Substitute the Real Party in Interest." The Court struck this document on 9 February 2021 on the ground plaintiff did not point to any provision of the Court's rules "allowing [plaintiff] to file a response to the Court's order to join the real party in interest." Order to Strike Pl.'s Resp, to Court Order, ECF No. 28 at 2–3. In its 9 February order, the Court further directed plaintiff "to join or substitute the real party in interest, [CNI], on or before" 23 February 2021. *Id.* at 3. On

---

[1] Plaintiff's Complaint refers to a "Private Mandatory Tax-Excepted Self-Supporting Ministry" without specifically identifying the entity he refers to. Plaintiff identifies the entity as "Brother's Keeper Ministries" in Plaintiff's Motion for Urgent Temporary Injunction Against the IRS ("Pl.'s Mot. for Urgent Temp. Inj. Against IRS"). Pl.'s Mot. for Urgent Temp. Inj. Against IRS, ECF No. 9 at 2.

23 February 2021, plaintiff filed two identical motions "objecting" to the Court's 9 February 2021 order pursuant to RCFC 46. *See* Order, ECF No. 29 at 1. On 24 February 2021, plaintiff filed a third motion nearly identical to the 23 February motions, with the only difference as being filed pursuant to RCFC 60. *Id*. The Court rejected as deficient plaintiff's two identical filings made pursuant to RCFC 46 and accepted plaintiff's filing made pursuant to RCFC 60 as a motion for reconsideration pursuant to RCFC 59. *Id*.

## II. Applicable Law

Under RCFC 59(a), a court "may, on motion, grant a new trial or a motion for reconsideration on all or some issues." RCFC 59(a)(1). The Federal Circuit has identified "three primary grounds that justify reconsideration," "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*., 597 F.3d 1374, 1383 (Fed. Cir. 2010) (internal citations and quotation marks omitted). Motions for reconsideration "must be supported 'by a showing of extraordinary circumstances which justify relief.'" *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999)).

A party may not use a motion for reconsideration "as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Del. Valley Floral Grp.*, 597 F.3d at 1384. A court "will *not* grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the Court.'" *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002) (quoting Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993)) (emphasis in original). A motion for reconsideration on the ground of the need to correct clear error or prevent manifest injustice is only appropriate "where the Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." *Del. Valley Floral Grp.*, 597 F.3d at 1384 (internal citations and quotation marks omitted). Where a party seeks reconsideration on the ground of the need to correct clear error or manifest injustice, the party cannot prevail "unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'" *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)).

RCFC 41(b) states in part, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, the Court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." RCFC 41(b). The decision to dismiss a case under RCFC 41(b) for failure to comply with a Court order is in the trial court's discretion and will not be disturbed unless an appellate court is "left with a 'definite and firm conviction' that the court below committed a clear error of judgment." *Duncan v. United States*, 432 F. App'x. 963, 965 (Fed. Cir. 2011). Dismissal of a claim pursuant to RCFC 41(b) is appropriate where a party "repeatedly and without valid justification ignored . . . court-imposed deadlines." *Kadin Corp. v. United States*, 782 F.2d 175, 176 (Fed. Cir. 1986).

## III. Analysis

Plaintiff's motion for reconsideration does not assert an intervening change in the controlling law nor newly discovered evidence warranting reconsideration. *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (listing the three reasons a court may grant a motion for reconsideration pursuant to RCFC 59(a)). The Court will therefore interpret plaintiff's motion as arguing reconsideration is appropriate to correct clear factual or legal error or prevent manifest injustice. *Id.*

*Pro se* parties are generally granted greater leeway than litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (holding *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). If a petitioner acts *pro se* in the drafting of a pleading, however, the Court "may excuse its ambiguities, but it does not excuse its failures, if such there be." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

### A. Plaintiff's Arguments in Support of Reconsideration of This Court's Conclusion CNI is the Real Party in Interest

Plaintiff's motions primarily reiterate the arguments made in previous filings, alleging violations of statutory and constitutional law.[2] *See* Mot. for Recons. at 2–5. Besides repeating similar arguments CNI is not the real party in interest, plaintiff raises two new arguments in favor of reconsideration: (1) CNI is not the real party in interest under the commercial law of the Uniform Commercial Code ("UCC"); and (2) the case should be considered a "Constructive Trust" in equity and "both the IRS and this Court are *Trustees de son tort* (trespassers), attempting to work subrogation" against BKM. Mot. for Recons. at 1–2, 6.

### i. Plaintiff's Statutory and Constitutional Arguments

In his response to the government's motion to dismiss, plaintiff points to "Public Law 91-172, Sections 508(c)(1)(A) and 6033(a)(2)(A)(i)" to support his argument "Congress notified the IRS that all 'churches and their integrated auxiliaries' are Mandatorily Excepted from filing or reporting; thereby affirming the Tax-Excepted Standing for unregistered Private Ministries/Churches." Pl.'s Resp. to Mot. to Dismiss at 3. Plaintiff further argued restrictions barring the IRS from taking the complained-of reaction are "'clearly established' in Congress' First Amendment Mandate to the United States government, which reads in pertinent part, 'Congress shall make no Law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." *Id.* at 2. Plaintiff has repeated these arguments in other documents filed with the Court since his response. *See* Order, ECF No. 28 (describing a document plaintiff filed

---

[2] Plaintiff's initial complaint alleged violations of the First Amendment of the Constitution and the Tax-Reform Act of 1969. *See* Compl. at 2 ("The Private Mandatory Tax-Excepted Self-Supporting Ministry, a non-legal entity, is Constitutionally secured via the Constitution of the United States' First Amendment and Congressionally/Statutorily recognized via Congress's Tax-Reform Act of 1969, Public Law 91-172 and the IRS's very own Code . . . which the IRS officers, employees and independent contractors, together, acting as discretionless employees on behalf of the IRS, are blatantly and willfully violating.").

as a "response" to a Court order as "reiterat[ing] [plaintiff's] arguments in opposition to the government's motion to dismiss").

In his motion for reconsideration, plaintiff again argues the IRS lacks jurisdiction in this case as it "has no jurisdiction over 'churches, their 'integrated auxiliaries.'" Mot. for Recons. at 2. Mr. Steeves cites to several federal statutes and regulations in support of this argument,[3] claiming BKM is a tax-exempt religious entity under existing tax law, depriving the IRS of jurisdiction over it and its affiliated groups, of which plaintiff considers CNI. *Id*. at 2–5; *see also id*. at 4 ("[I]n accordance with Title 26 Sections 508(c)(1)(A) & 6033(a)(3)(A)(i), CNI has a Mandatory Exception from registering with the Secretary and from filing tax returns, which CNI has never done. Therefore, it would be impossible for the IRS to have been able to issue its Notice of Deficiency and Notices of Intent to Levy to CNI."). Plaintiff also points to the First Amendment's Establishment Clause as evidence that citizens may "establish[] one's own unincorporated, unregistered, Private Sector '*Church,*' based upon one's own Private '*religion*.'" *Id*. at 5 (emphasis in original).

"A court . . . will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the court.'" *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002) (emphasis omitted) (quoting *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993), *aff'd* 50 F.3d 1021 (Fed. Cir. 1995)); *see also Seldovia Native Ass'n v. United States*, 36 Fed. Cl. 593, 594 (1996) (quoting *Roche v. District of Columbia*, 18 Ct. Cl. 289, 290 (1883)) ("It has long been the view that motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'").

Plaintiff has raised the same arguments BKI is actually the real party in interest under "Congressional/Statutory Law" and "Constitutional Law" in previous filings, and the Court has already rejected these arguments and found CNI the real party in interest. *See* Order, ECF No. 26; Order, ECF No. 28. To the extent plaintiff seeks reconsideration of the Court's 24 November 2020 and 9 February 2021 Orders finding CNI is the real party in interest by reasserting previously presented statutory and constitutional arguments, his motion must fail. *Ammex*, 52 Fed. Cl. at 557; *Seldovia Native Ass'n*, 36 Fed. Cl. at 594.

### ii. Plaintiff's Argument CNI is not the Real Party in Interest Under the UCC

Plaintiff adopts terminology from the Uniform Commercial Code ("UCC") to argue CNI fails to meet the Court's established criteria for determining the real party in interest: "the party who would be benefited or injured by the judgment in the case." Order, ECF No. 26 at 2. Plaintiff asserts, "because [CNI] is an '*integrated auxiliary*' acting as the Bailee for the sole benefit of the Bailor," CNI cannot be considered the real party in interest. Mot. for Recons. at 1. BKM is the "bailor," according to plaintiff, under UCC terms to define the relationship between CNI and BKM. *Id*. at 1–2. Plaintiff further asserts "CNI, the Bailee, has no interest and cannot

---

[3] Plaintiff cites to 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 501; 26 U.S.C. § 508(c)(1)(A); 26 U.S.C. § 6033(a)(3)(A)(i); and 26 C.F.R. 1.6033-2. *See* Mot. for Recons. at 2–5.

receive any benefit nor suffer any injury from a Court decree since only the Bailor, the Private Sector '*church*' could be a recipient of a benefit or rendered harm by a judgment in this case." *Id.* at 2. Plaintiff further argues this bailor-bailee relationship between BKM and CNI renders the Court's order to join CNI as the real party in interest erroneous.

"Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014); *see also Caldwell v. United States*, 391 F.3d 1226, 1235–36 (Fed. Cir. 2004) (Concluding a plaintiff may not raise arguments for the first time on a motion for reconsideration). To the extent plaintiff raises the argument CNI is not the real party in interest under the UCC for the first time in his motion for reconsideration, the argument was not presented prior to the Court's 24 November and 9 February Orders and therefore cannot be a ground for reconsideration. *Dixon*, 741 F.3d at 1378.

In the alternative, Section 1-103 of the UCC states it is intended to "govern[] commercial transactions." U.C.C. § 1-103. Plaintiff reasons the terms "bailee" and "bailor" apply to the relationship between BKM and CNI since the latter is characterized as an "integrated auxiliary" of the former, despite the Court's rejection of that characterization in its 9 February 2021 order. *See* Order, ECF No. 28 at 2 n.1 ("Although [plaintiff] labels Camp Nobel, Inc. as merely an 'integrated auxiliary' of Brother's Keeper Ministries, he does not cite to any law or statute defining a private corporation such as Camp Nobel, Inc. as an 'integrated auxiliary' of a church immune from the real party in interest requirement."). Plaintiff's adoption of the terms "bailee" and "bailor" from the UCC is presented without any citations explaining the relevance of the UCC to the Court's determination of the real party in interest. *See* Mot. for Recons. at 1–2. Plaintiff's motion for reconsideration does not explain how UCC terms govern the relationship between BKM and CNI, nor how his adoption of terms negates the requirement in RCFC 17(a) that "[a]n action must be prosecuted in the name of the real party in interest." RCFC 17(a)(1). In the absence of any explanation of how the UCC relates to this case or should govern this Court's interpretation of RCFC 17(a), plaintiff cannot rely on the UCC to demonstrate "extraordinary circumstances which justify relief." *Caldwell*, 391 F.3d at 1235.

### iii. Plaintiff's Argument the Case Should be Considered a "Constructive Trust"

Plaintiff also argues, "in a Court of Equity this case is a Constructive Trust," with BKM acting as the "Beneficiary" and CNI as an "integrated auxiliary." Mot. for Recons. at 6. Plaintiff's motion for reconsideration further categorizes the IRS and Court as "*Trustees de son tort* (trespassers), attempting to work subrogation against" BKM through CNI and claims the Court and IRS are engaged in constructive fraud. *Id*. (emphasis in original). Plaintiff cites no legal support for the claim "this case is a Constructive Trust" or the Court and IRS are engaged in constructive fraud.

As addressed *supra*, a motion for reconsideration is not an opportunity for litigants "to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding." *Dixon*, 741 F.3d 1378. To the extent plaintiff failed to raise the argument a constructive trust existed for the benefit of BKM which resulted in CNI having

the status of an "integrated auxiliary" prior to his motion for reconsideration, plaintiff cannot succeed on a motion for reconsideration by raising the argument for the first time. *Caldwell*, 391 F.3d at 1235–36; *Dixon*, 741 F.3d 1378.

In the alternative, plaintiff's assertion the relationship between CNI and BKM constitutes a "constructive trust" appears to be an attempt at satisfying the requirements of RCFC 17(a)(1)(E), which states a trustee of an express trust "may sue in their own name without joining the person for whose benefit the action is brought." RCFC 17(a)(1)(E). Plaintiff continues to not provide evidence or case law demonstrating the existence of an express or constructive trust, characterizing BKM as the beneficiary of a constructive trust, or explaining plaintiff's characterization of CNI as only the "integrated auxiliary" of BKM or a trust. *See* Order, ECF No. 26 at 2–3. Rather, as the Court concluded in 24 November 2020, CNI is registered as a State of California corporation. *Id*. Without any clear citation to statutory or constitutional sources defining "integrated auxiliary" and evidence supporting CNI should be characterized as an integrated auxiliary immune from the IRS's jurisdiction, plaintiff cannot demonstrate "the need to correct clear error or prevent manifest injustice" or the existence of "extraordinary circumstances which justify relief." *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC.*, 597 F.3d 1374, 1383 (Fed. Cir. 2010); *Caldwell*, 391 F.3d at 1235.

**B. Conclusion on Plaintiff's Motion for Reconsideration**

The Court previously considered and rejected plaintiff's arguments regarding whether CNI is an "integrated auxiliary" of BKM and BKM is the real party in interest on statutory and constitutional law grounds, and plaintiff may not use a motion for reconsideration as a vehicle to "merely reassert[] . . . arguments previously made . . . all of which were carefully considered by the Court." *Ammex*, 52 Fed. Cl. at 557 (internal citations and quotation marks omitted). To the extent plaintiff seeks to raise arguments for the first time in his motion for reconsideration CNI is not the real party in interest under the UCC or a constructive trust doctrine, the Court must reject the arguments as insufficient to support a motion for reconsideration. *Dixon*, 741 F.3d at 1378 ("Motions for reconsideration do not afford litigants the opportunity to take a 'second bite at the apple' or to advance arguments that properly should have been presented in an earlier proceeding."). In the alternative, plaintiff fails to provide support for either argument sufficient to demonstrate a "clear error or . . . manifest injustice" necessary to warrant reconsideration. *Del. Valley Floral Grp.*, 597 F.3d at 1383 (Fed. Cir. 2010); *see also Caldwell*, 391 F.3d at 1235 (quoting *Fru-Con Constr.*, 44 Fed. Cl. at 300) ("Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'"); *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010) (quoting *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 785 (2006)) ("Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is 'apparent to the point of being almost indisputable.'"). The Court must therefore deny plaintiff's motion for the Court to reconsider its 24 November 2020 and 9 February 2021 rulings CNI is the real party in interest in this case.

**IV. The Court's Order for Plaintiff to Join the Real Party in Interest**

On 24 November 2020, the Court issued an order finding CNI the real party in interest and directing plaintiff to "join or substitute the real party in interest, Camp Nobel Inc., on or

before 25 January 2021." Order, ECF No. 26 at 3. Plaintiff was warned, "[i]f the real party in interest is not joined, the case will be dismissed for failure to prosecute and failure to comply with a court order" pursuant to RCFC 41(b). *Id*. Plaintiff failed to join the real party in interest on or before 25 January 2021, instead filing a response to the Court's order reiterating his arguments and claiming CNI is "an 'integrated auxiliary' of 'an unincorporated, unregistered Private "Church". . . not subject to IRS jurisdiction.'" Order, ECF No. 28 at 3 (internal quotation omitted). The Court struck this response as improper and directed plaintiff "to join or substitute the real party in interest, Camp Nobel Inc., on or before 23 February 2021." *Id*. (emphasis omitted). The Court again warned plaintiff, "[i]f the real party in interest is not joined, the case will be dismissed for failure to prosecute and failure to comply with a court order." *Id*.

In its 17 April 2020 motion to dismiss and 31 July 2020 reply in support of its motion to dismiss, the government argued CNI, rather than BKM, is the real party in interest because CNI is "the party that is seeking relief from the IRS's Notice of intent to seize (levy)" for allegedly unpaid taxes totaling $880,131. Gov. Mot. to Dismiss at 6, 3. The government further noted plaintiff should be aware "that he cannot appear pro se on behalf of a trust or a corporation as he was informed by the U.S. District Court for the Southern District of California" of such a fact in a prior lawsuit brought "to quash subpoenas issued by the IRS to Wells Fargo Bank, seeking financial records related to CNI." *Id*. at 7 (citing *Dean Allen Steeves v. I.R.S.*, No. 3:20-cv-204-LAB-BGS (S.D. Cal., Mar. 2, 2020). Under RCFC 17(a)(1), any action brought before this Court must "be prosecuted in the name of the real party in interest." RCFC 17(a)(1). The Supreme Court defines the "real party in interest" as "the party who would be benefited or injured by the judgment in the case" and restricts the definition of the real party in interest "to parties whose interests are in issue, and are to be affected by the decree." *Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 310 (2008) (quoting 1 J. Kerr, Law of Pleading and Practice 586, pp 791–92 (1919)); *see also Crone v. United States*, 210 Ct. Cl. 499, (1976) ("Fundamental to this court's jurisprudence is the principle that, in every suit, there must be a real party in interest to whose present, personal benefit a money judgment may run."). In its 24 November 2020 order, the Court agreed with the government "[p]laintiff's suit seeks injunctive relief from the IRS' alleged 'attempted extortion of money from . . . Camp Nobel, Inc.'" and therefore "it is CNI who would benefit from the IRS lifting its tax deficiencies or be injured by an order to pay such deficiencies." Order, ECF No. 26 at 2. The Court further noted, pursuant to RCFC 83.1(a)(3), a corporation "must be represented by counsel admitted to practice law before this Court" and instructed therefore CNI must, along with being joined, obtain an attorney. *Id*. at 3 (citing *Balbach v. United States*, 119 Fed. Cl. 681, 683 (2015)). "Failure to prosecute an action in the name of the real party in interest results in dismissal of the claim, unless cured." *Ground Improvement Techniques, Inc. v. United States*, 618 F.App'x 1020, 1025 (Fed. Cir. 2015).

RCFC 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Despite repeated warnings and extended deadlines, plaintiff fails to join or substitute the real party in interest, Camp Nobel Inc. [4]

---

[4] The Court notes, without concluding, even if BKI was the proper party in interest, it is unlikely the Court would have jurisdiction over the case. In his complaint, plaintiff argues this Court has jurisdiction under 28 U.S.C. § 1491. Compl. at 1. The relief plaintiff seeks is for "this [C]ourt to issue [sic] an immediate stay on IRS Ogden UT's Notice of Intent to Levy and further, . . . to enjoin IRS Ogden UT to respond to this [C]ourt as to why the IRS is not

## V. Conclusion

The Court has considered all of plaintiff's arguments. To the extent not discussed specifically herein, plaintiff's other arguments are unpersuasive, meritless, or unnecessary for resolving the issues currently before the Court. Plaintiff has failed to identify an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice, and therefore reconsideration of the Court's 24 November 2020 and 9 February 2021 conclusions CNI is the real party in interest in this case is not warranted. Plaintiff further fails to comply with repeated Court orders to join the real party in interest pursuant to RCFC 17(a)(1). The Court therefore: (1) **DENIES** plaintiff's motion for reconsideration, ECF No. 30; (2) **DENIES as MOOT** the government's motion to dismiss for failure to prosecute and for lack of jurisdiction, ECF No. 17; (3) **DENIES as MOOT** plaintiff's motion for a temporary injunction against the IRS, ECF No. 9; (4) **REJECTS** any outstanding deficient filings; and (5) directs the Clerk to **DISMISS** the case without prejudice pursuant to RCFC 41(b).

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge

---

obeying the Constitution and Congressional/Statutory Law explicitly legislated for it to obey . . . ." *Id*. at 6. In his response to the government's motion to dismiss, plaintiff further characterized his claim as "a demand for property, which in this case is the Private Church's Right to exist and freely exercise its Religion, which the IRS revenue officers have arbitrarily invalidated." Pl.'s Resp. to Mot. to Dismiss at 7. Plaintiff argues, "[w]hether or not this Court can grant [p]laintiff equitable relief via a permanent injunction against the IRS revenue officers, does not preclude this Court from rendering a judgment granting [p]laintiff an appropriate remedy, in order to prevent the irreparable injury, harm and damage that would be rendered if the IRS revenue officers were able to unlawfully execute their Notice of Intent to Levy against . . . CNI." *Id*. at 10. The Federal Circuit has made clear "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005); *see also Greenlee County, Ariz. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) ("The Tucker Act both confers jurisdiction on the Court of Federal Claims and waives the sovereign immunity of the United States for claims for money damages founded on, inter alia, acts of Congress."); *Rick's Mushroom Service, Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (emphasis added) ("The Tucker Act is merely a jurisdictional statute and does not create a substantive cause of action. . . . Therefore, the plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates *the right to recovery of money damages* against the United States."). Although plaintiff characterizes the relief sought as the "property" of the "right to exist" and argues a permanent injunction is necessary to "prevent irreparable injury," it does not appear plaintiff's complaint identifies a substantive source of law creating the right for plaintiff to recovery money damages against the United States. *See, e.g.*, Compl., Pl.'s Resp. to Mot. to Dismiss.