**DYNACS ENGINEERING COMPANY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Federal Data Corporation, Defendant–Intervenor.**

No. 00–166 C.

United States Court of Federal Claims.

Nov. 21, 2000.

James S. Ganther, Tampa, FL, for plaintiff. Kathleen M. Wade, Tampa, FL, of counsel.

Michael D. Austin, with whom were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, Robert E. Kirschman, Jr., Assistant Director, Department of Justice, Washington, DC, for defendant. Bernard J. Roan and Kaprice Harris, National Aeronautics and Space Administration, of counsel.

Michael A. Hordell, Washington, DC for defendant-intervenor. Laura Hoffman, Washington, DC, of counsel.

*ORDER* [1]

HEWITT, Judge.

Before the court is Defendant's Request for Reconsideration of the Court's Liability Finding or, Alternatively, Defendant's Suggestion for Further Proceedings (Def.'s Req.). Defendant requests reconsideration of this court's Opinion and Order of September 29, 2000 on the ground that plaintiff has failed to establish the requisite prejudice to prevail in this protest. Def.'s Req. at 1, 3. Defendant seeks reconsideration pursuant to Rule 59(a)(2) of the Court of Federal Claims (RCFC), which provides:

> (2) The court, at any time while a suit is pending before it, or after proceedings for review have been instituted, or within 2 years after the final disposition of the suit, may grant the United States a new trial and stay the payment of any judgment upon satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done the United States.

RCFC 59(a)(2).

The first clause of Rule 59, which governs new trials, rehearings, amendment of judgments, and reconsideration, provides, in pertinent part:

> (a) Grounds. (1) A new trial or rehearing or reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States.

RCFC 59(a)(1). The prescribed time for filing a motion under Rule 59(a)(1) is within ten days after entry of judgment. RCFC 59(b)("[A] motion filed pursuant to this rule shall be filed not later than 10 days after the entry of the judgment."). The time limit for filing a Rule 59 motion is strictly construed to promote the finality of judgments. *See* RCFC 6; 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2812, at 143 (2d ed.1995).

Subsection (a)(2) of RCFC 59 enlarges the time period within which a court may grant a new trial to the United States to "within 2 years after the final disposition" in exceptional circumstances. To avail itself of the time allowance for filing a motion under RCFC 59(a)(2), the government must present satisfactory evidence that a "fraud, wrong, or injustice has been done the United States." RCFC 59(a)(2).

█ In deciding whether defendant has satisfied the requirements of Rule 59(a)(2), the court must determine what constitutes a "fraud, wrong, or injustice" to the United States within the meaning of RCFC 59(a)(2). For guidance, the court looks to RCFC 60(b), which permits a moving party to seek relief from a judgment on the grounds, among others, of mistake and fraud. *See* RCFC 60(b)(1), 60(b)(3). Additionally, the court considers the analogous rules of the Federal Rules of Civil Procedure.[2]

A motion under Rule 60(b) is appropriate to correct substantive errors that are not clerical in nature. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, § 2854, at 240 (discussing errors covered by FRCP 60(b)). The scope of relief that a party may obtain pursuant to FRCP 60(b) overlaps with that afforded under FRCP 59(e), which governs motions to alter or amend a judgment. *See* RCFC 59(d); FRCP 59(e). The time for filing motions under the two provisions, however, is notably different. While motions under FRCP 59(e) must be filed within ten days after the entry of judgment, FRCP 60(b) motions must be made within a reasonable time but not more than one year after the entry of the order or judgment. This court's rules contain parallel requirements. *Compare* RCFC 59(d) *and* FRCP 59(e) *with* RCFC 60(b) *and* FRCP 60(b).

The decision to grant relief under Rule 60(b) is addressed to the discretion of the court, and the court may weigh equitable considerations in the exercise of its discre-

---

**1.** This matter is filed under seal to afford protection to privileged/proprietary information subject to the terms of a protective order. The lack of privileged/protected information in this order permits its publication without redaction.

**2.** The rules of this court have incorporated those rules of the Federal Rules of Civil Procedure that are applicable to civil actions tried by the court sitting without a jury to the extent appropriate. *See* RCFC 1(b).

tion. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, § 2857, at 254–55. Nonetheless, relief from judgment under Rule 60(b) will not be given if substantial rights of the party have not been harmed by the judgment. *Id.* § 2857, at 262. Rule 60(b) makes a clear distinction between mistake and fraud as a ground for relief. A motion under Rule 60(b)(1) contemplates relief from a judgment based on the mistake of a party, counsel, or the court.[3] *Id.* § 2858, at 262. A motion under Rule 60(b)(3) covers misconduct, including fraud and misrepresentation, and requires the moving party to establish the misconduct by clear and convincing evidence. *Id.* § 2860, at 311–13.

The distinction between mistake and misconduct as a ground for relief from judgment is further informed by a definitional examination. *Black's Law Dictionary* defines a mistake as "[a]n error, misconception, or misunderstanding; an erroneous belief." *Black's Law Dictionary* 1017 (7th ed.1999). In contradistinction, misconduct is defined as "[a] dereliction of duty; unlawful or improper behavior." *Id.* at 1013.

Based on the foregoing, the court concludes that to effect a "fraud, wrongdoing or injustice" on the United States within the meaning of RCFC 59(a)(2) requires conduct that is more than merely erroneous. Rather, the offending conduct must constitute some impropriety or misconduct.

■ In this case, defendant urges the court to reconsider its liability finding of September 29, 2000 on the ground that a "fraud, wrong, or injustice has been done the United States." Defendant states that the court "placed undue reliance" on the Federal Circuit's decision in *Alfa Laval Separation, Inc. v. United States.* Def.'s Req. at 4. The gravamen of defendant's petition to the court appears, in fact, to be based upon the defendant's view that the court mistakenly interpreted the law. As such, the request for reconsideration does not lie within the scope of RCFC 59(a)(2), and the government cannot avail itself of the timing allowance in that provision for filing this motion. *See also* RCFC 59(b). Instead, defendant's request is governed by RCFC 83.2(f). *See Shell Petroleum, Inc. v. United States,* 47 Fed.Cl. 812, 814 (2000). Rule 83.2(f) instructs that "[a] motion for reconsideration of an order shall be filed not later than 10 days after the date thereof." The rules of this court provide that the time for filing a motion for reconsideration of the Opinion and Order dated and filed September 29, 2000 was on or before October 17, 2000. *See* RCFC 6, 83.2(f). Defendant's request is untimely and is therefore DENIED.

IT IS SO ORDERED.

---

**3.** Similarly, a petition for rehearing pursuant to FRCP 59 in a nonjury trial should be based upon a manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons. *See id.* at § 2804, at 53.