**Robert CURTIS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 03–1247C.

United States Court of Federal Claims.

Aug. 6, 2004.

Robert Curtis, Portland, OR, pro se.

Elizabeth Thomas, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Robert E. Kirschman, Jr., Assistant Director, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

*OPINION AND ORDER*

HEWITT, Judge.

The court has before it plaintiff's Motion to Reopen (plaintiff's motion or Pl.'s Mot.). The court treats plaintiff's Motion to Reopen as a motion for relief from judgment under Rule 60 of the Rules of the United States Court of Federal Claims (RCFC or Rules).[1] For the following reasons, plaintiff's motion is GRANTED. The Clerk of Court is directed to VACATE the judgment and REOPEN the case.

Plaintiff filed a complaint in this court on May 13, 2003. *See* Complaint (Compl.) (displaying a date stamp of May 13, 2003). Defendant filed a motion to dismiss on September 12, 2003, asserting, among other theories, that "because Mr. Curtis has brought this action upon behalf of Curtis, Ltd., which appears to be the real party in interest, and because Curtis, Ltd., is a corporation required to be represented by an attorney, ... pursuant to RCFC 83.1(c)(8), ... the [c]ourt [should] dismiss the case." Defendant's Motion to Dismiss (Def.'s MTD) at 1; *see also* RCFC 83.1(c)(8) ("A corporation may only be

---

1. The pleadings of pro se plaintiffs are liberally construed. *See Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) ("It is settled law that the allegations of [a pro se] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers ....'" (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972))); *Pentagen Techs. Int'l Ltd. v. United States,* 175 F.3d 1003, 1005 (Fed.Cir. 1999) (stating that courts should interpret pro se complaints "liberally" and "excuse errors" reflecting the *"pro se* litigants' unfamiliarity with legal requirements"); *Roche v. United States Postal Serv.,* 828 F.2d 1555, 1558 (Fed.Cir.1987) ("Pro se petitioners are not expected to frame issues with the precision of a common law pleading."). Additionally,

[f]ederal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. They may do so in order to avoid an unnecessary dismissal, to avoid inappropriately stringent application of formal labeling requirements, or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis.

*Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 791–92, 157 L.Ed.2d 778 (2003) (citations omitted). Treating a "Motion to Reopen" as a Rule 60 motion is not without precedent. *See Freeman v. Sec'y of the Dep't of Health & Human Servs.,* 35 Fed.Cl. 280, 281 (1996) (treating a "Motion to Reopen the Case" from a pro se plaintiff as a request for relief from judgment pursuant to Rule 60(b)).

represented by counsel."). After reviewing the complaint, plaintiff's responsive briefing to defendant's motion to dismiss and Oregon's Business Registry Database, the court found that plaintiff was asserting claims based on contracts between Curtis Ltd., an Oregon corporation, and the Bureau of Land Management. Order of Nov. 7, 2003, at 1–2. The court stated that "in order for plaintiff to bring his claims before the court, Curtis Ltd. must be represented by an attorney who can practice before the United States Court of Federal Claims." *Id.* at 2. The court ordered plaintiff to obtain legal representation within approximately one month of the court's order. *Id.* After granting two extensions of time within which plaintiff was permitted to obtain counsel, *see* Order of Feb. 9, 2004 (granting a ninety-day extension); Order of Dec. 3, 2003 (granting a sixty-day extension), on May 21, 2004, the court granted defendant's motion to dismiss and dismissed plaintiff's complaint without prejudice for failure to obtain an attorney as required by Rule 83.1(c)(8), Order of May 21, 2004, at 1–2.

Plaintiff now moves under Rule 60(b) for relief from the court's May 21, 2004 judgment. Rule 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under RCFC 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6)

any other reason justifying relief from the operation of the judgment.

RCFC 60(b). Further, a Rule 60(b) motion must be made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered or taken." *Id.*[2]

"Rule 60(b) enables a court to grant a party relief from a judgment in circumstances in which the need for truth outweighs the value of finality in litigation." 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.02[2] (3d ed.2003). The court has discretion regarding whether to grant relief under Rule 60(b), "and the court may weigh equitable considerations in the exercise of its discretion." *Dynacs Eng'g Co. v. United States*, 48 Fed.Cl. 240, 241–42 (2000); *see also* Moore et al., *supra*, § 60.22[1] ("The decision as to whether relief should be granted is committed to the sound discretion of the court."); *id.* § 60.22[5] ("The relief provided by Rule 60(b) is equitable in nature ...."). "As a remedial provision, Rule 60(b) is to be 'liberally construed for the purpose of doing substantial justice.'" *Patton v. Sec'y of the Dep't of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed.Cir.1994) (quoting 7 James Wm. Moore et al., *Moore's Federal Practice* ¶¶ 60.18[8], 60.19 (2d ed.1993)). Relief from judgment will not be granted "if substantial rights of the party have not been harmed by the judgment." *Dynacs Eng'g Co.*, 48 Fed.Cl. at 242.

Some courts have required that a party moving for Rule 60(b) relief possess a meritorious claim as a precondition to the court granting relief from judgment. *See, e.g., Teamsters, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 20 (1st Cir.1992) ("[I]t is the invariable rule, and thus, the rule in this circuit, that a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise."); *see also* Moore et al., *supra*, § 60.24[1] ("A

---

**2.** Because the portions of RCFC 60(b) and Rule 60(b) of the Federal Rules of Civil Procedure relevant to this case are identical, *compare* RCFC 60(b) *with* Fed.R.Civ.P. 60(b), the court looks to case law interpreting Rule 60(b) of the Federal Rules of Civil Procedure to interpret RCFC 60(b). *See Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 794–95 & 794 n. 3 (Fed.Cir.1993) (using interpretations of Federal Rule of Civil Procedure 60(b) to interpret a prior version of RCFC 60(b) adopted by this court's predecessor because "Rule 60(b) of the Claims Court is a virtual duplicate of Federal Rule of Civil Procedure 60(b)").

precondition of relief from a judgment is that the movant show that he or she has a meritorious claim or defense."). A meritorious claim is not one where success on the merits is a "virtual certainty," but rather, a meritorious claim "merely states a legally tenable cause of action." *Stelco Holding Co. v. United States,* 44 Fed.Cl. 703, 709 (1999); *see also Teamsters, Local No. 59,* 953 F.2d at 21 (stating that a meritorious claim is one which, "if proven, will bring success"). While the court has not found any precedent binding on this court that requires that a meritorious claim be proven prior to granting Rule 60(b) relief, the court finds that it is a prudent requirement so that "vacating the judgment will not be an empty exercise." *Teamsters, Local No. 59,* 953 F.2d at 20.

The court first notes that plaintiff filed the motion for relief from judgment on July 22, 2004, approximately two months after judgment was entered. *See* Pl.'s Mot. at 1 (displaying a date stamp of July 22, 2004). Plaintiff may avail himself of any provision of Rule 60(b) because he filed his motion within one year of the entry of judgment and because the court considers two months to be a "reasonable time" within which to file a motion for relief from judgment. *See* RCFC 60(b) (requiring that motions under Rule 60(b) be filed "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment ... was entered or taken"); *cf. Orient Overseas Container Line (UK) Ltd. v. United States,* 52 Fed.Cl. 805, 808, 810 (2002) (finding that a motion under Rule 60(b)(1) that was filed 364 days after the entry of judgment was not filed within a reasonable time).

Plaintiff presents two arguments asserting that the claims presented in the complaint were not brought on behalf of the corporation and, thus, suggesting that Mr. Curtis may appear without an attorney in this case. Only one of these arguments justifies granting the motion. Plaintiff's first argument, which does not justify Rule 60(b) relief, is that "the government acknowledges [the] contract interference dispute is between Robert Curtis the individual and BLM." Pl.'s Mot. ¶ 2. It appears that plaintiff was arrested and indicted under the Hobbs Act, 18

U.S.C. § 1951 (2000). *See id.* ¶¶ 2–4 (stating that Curtis Ltd. should have been charged under the act and not Mr. Curtis); Def.'s MTD at 10 n. 5 ("Upon information and belief, we understand that Mr. Curtis has been indicted and charged with violation of 18 U[.]S[.]C[.][§ ] 1951 ...."). Plaintiff argues that, because Curtis Ltd. conducted business with the BLM, and because a corporation may be charged under the Hobbs Act, the fact that Mr. Curtis was indicted under the Hobbs Act, and not Curtis Ltd., "confirm[s] [that] Robert Curtis is the [p]rinciple entity not Curtis Ltd." Pl.'s Mot. ¶¶ 3–5.

The Hobbs Act provides for a fine or imprisonment of "[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property." 18 U.S.C. § 1951(a). While it is true that a corporation may be charged with violating the Hobbs Act, *see* 18 U.S.C. § 1951(a) (stating that the act applies to "[w]hoever"); 1 U.S.C. § 1 (2000) (defining "whoever" to include "corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals"); *Jund v. Town of Hempstead,* 941 F.2d 1271, 1284 (2d Cir.1991) (finding that the Hobbs Act applies to unincorporated associations, and stating that "[t]he language of the Hobbs Act ... provides no indication that the term 'whoever' should have any other meaning than that prescribed in section 1 of title 1 of the United States Code"), the fact that the government used its prosecutorial discretion to charge Mr. Curtis with a violation of the Hobbs Act, rather than Curtis Ltd., does not alter the reality that the contracts upon which the complaint in this case is based name Curtis Ltd. and the BLM as the contracting parties. The court does not interpret a subsequent act by the government, acting as a criminal prosecutor, to alter whatever contractual relations may have existed between Curtis Ltd. and the BLM.

The only Rule 60(b) ground for relief which could apply to plaintiff's first argument is "any other reason justifying relief from the

operation of the judgment." RCFC 60(b)(6). However, Rule 60(b)(6) "should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) (quoting *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950)); *see also Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed.Cir.2002) ("Rule 60(b)(6) is available only in extraordinary circumstances . . . ."). Because plaintiff's argument does not present "extraordinary circumstances" and because the court finds no merit in plaintiff's argument, plaintiff's first argument does not "justify[ ] relief" under Rule 60(b)(6).

Plaintiff's second argument is that, because Curtis Ltd. is insolvent and all of its assets have been transferred to its director, Robert Curtis, as an individual, Pl.'s Mot. ¶ 6, "Robert Curtis is now legally Curtis Ltd. [a]nd requires NO [a]ttorney for representation in a [c]ourt of [l]aw," *id.* ¶ 7. Plaintiff's argument that Curtis Ltd. is insolvent and its assets have been transferred to Mr. Curtis is an argument newly presented to the court.

Rule 17 requires that "[e]very action . . . be prosecuted in the name of the real party in interest." RCFC 17(a). The determination of the proper parties to an action is a threshold issue that must be resolved before proceeding to the merits of a case. *Page v. United States*, 49 Fed.Cl. 521, 522 & n. 1 (2001). If Curtis Ltd. is the real party in interest, Curtis Ltd. must be represented by an attorney in this court. *See* RCFC 83.1(c)(8) ("A corporation may only be represented by counsel."); *Talasila, Inc. v. United States*, 240 F.3d 1064, 1066 (Fed.Cir.2001) (stating that a corporation "must be represented by counsel in order to pursue its claim against the United States in the Court of Federal Claims"). If, on the other hand, Mr. Curtis, in his individual capacity, is the real

party in interest, he may appear without an attorney in this case.

The determination of the proper party in this case depends on the status of the corporate entity and state law. *See Talasila*, 240 F.3d at 1066–67 (applying Texas corporation law and holding that where the corporation was dissolved following initiation of the suit, the sole successor-in-interest was not the real party in interest in the case and could not appear pro se); *Page*, 49 Fed.Cl. at 531 (finding that where the corporation was dissolved following initiation of the suit, pursuant to the Illinois corporate survival statute and in the absence of a valid assignment, the corporation was the proper party in interest and the shareholders could not proceed pro se).

Oregon public records indicate that Curtis Ltd. was involuntarily dissolved in April of 1996. *See* Or. Sec'y of State, Corp. Div., Business Registry Database, http://egov.sos.state.or.us/br/pkg_ web_name_ srch_inq.login (last visited August 4, 2004). The involuntary dissolution in 1996 occurred before Curtis Ltd. and the BLM entered into any of the contracts upon which the complaint is based, *see* Def.'s MTD,[3] and before this action was filed, *see* Compl. (displaying a date stamp of May 13, 2003).

Rule 60(b) allows a court to relieve a party from a final judgment if a mistake has occurred. RCFC 60(b)(1). The Rules do not define "mistake." However, *Black's Law Dictionary* defines "mistake" as "[a]n error, misconception, or misunderstanding; an erroneous belief." *Black's Law Dictionary* 1017 (7th ed.1999). The mistake justifying relief from judgment may be on the part of a party, counsel or the court. *See Dynacs Eng'g Co.*, 48 Fed.Cl. at 242 ("A motion under Rule 60(b)(1) contemplates relief from

3. The BLM accepted Curtis Ltd.'s offer for the Sawyer Creek Road Repair contract on August 6, 1998. *See* Def.'s MTD App. at 11. On June 24, 1999, the BLM accepted another contractor's offer for the Tent Creek Culvert Replacement contract, *see id.* App. at 17, for which plaintiff's complaint alleges a wrongful default, Compl. at 2 (unnumbered page); Def.'s MTD at 2 ("Mr Curtis also asserts a 'wrongful default' claim regarding a contract, Tent Creek Culvert Replacement . . . ,

that Curtis Ltd. was not awarded, after having submitted a bid."). On May 10, 2000, the BLM accepted Curtis Ltd.'s offer for the Cleghorn Creek Culvert Replacement contract. *See* Def.'s MTD App. at 7. On August 2, 2000, the BLM accepted Curtis Ltd.'s offer for the Smith River Road Decommissioning contract. *See id.* App. at 4. And, on August 29, 2000, the BLM awarded the Glendale Road Renovation contract to Curtis Ltd. *See id.* App. at 1.

a judgment based on the mistake of a party, counsel, or the court.").[4]

In a case similar to the one presently before the court, the United States District Court for the Eastern District of Tennessee dismissed a wrongful death action brought by a decedent's widow against the decedent's former employer because the widow was not the personal representative of the decedent, as required for an action brought under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (2000). *Allen v. Clinchfield R.R. Co.*, 325 F.Supp. 1305, 1306 (E.D.Tenn.1971). When the plaintiff filed her Rule 60(b) motion, the court had information in front of it that made applicable a Tennessee statute that allowed the plaintiff to maintain her suit. *Id.* at 1307. The court granted plaintiff's Rule 60(b) motion "for the reason of a mistake in the [c]ourt's understanding [of the] factual situations" that existed at the time the court dismissed the case. *Id.* In the present case, a possible factual mistake regarding the corporate status of Curtis Ltd. led the court to dismiss the case. Despite publicly available information regarding the corporate status of Curtis Ltd., the legal import of this data was not fully explored by the parties and the court before dismissal of plaintiff's claims.

If plaintiff's factual allegations that Curtis Ltd. is insolvent and that its assets have been transferred to Mr. Curtis are supported by evidence, it is "legally tenable," *Stelco Holding Co.*, 44 Fed.Cl. at 709, that Mr. Curtis could be the proper party in interest.[5] For these reasons, and because the "substantial rights" of plaintiff have been harmed by the entry of judgment before a full determination of the proper party in interest in this case, *see Dynacs Eng'g Co.*, 48 Fed.Cl. at 242 ("[R]elief from judgment under Rule 60(b) will not be given if substantial rights of the party have not been harmed by the judgment."), and because a decision on the merits

---

4. In *Orient Overseas*, this court applied a balancing approach that weighed three factors to determine whether to grant a Rule 60(b)(1) motion based on mistake. *Orient Overseas*, 52 Fed.Cl. at 806–07. The court examined: "(1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." *Id.* at 807 (citing, inter alia, *Info. Sys. & Networks Corp.*, 994 F.2d at 795). The genesis of this multi-factor approach, however, was a case evaluating a Rule 60(b)(1) motion based on "excusable neglect." *See Info. Sys. & Networks Corp.*, 994 F.2d at 794–95. The court has found no binding authority regarding whether the multi-factor approach is the appropriate test under which to evaluate a Rule 60(b)(1) motion based on mistake. As the court noted above, however, it is prudent to examine whether a party has a meritorious claim prior to granting relief under Rule 60(b)(1). With respect to the other factors (although, in the court's view, it is not mandatory to evaluate them), the court notes that, on balance, they support granting the relief plaintiff requests. Because this case has not progressed beyond the initial stages and defendant has not expended a large amount of resources in defending the case to date (having filed only a motion to dismiss), the court finds that defendant will not be prejudiced by vacating the judgment. With respect to the culpability of plaintiff's conduct, it is certainly true that, if Curtis Ltd. is indeed insolvent and its assets have been transferred to Mr. Curtis, plaintiff knew this information when he filed the complaint. It is also true that information that was publicly available in the Oregon Business Registry Database should have led to further investigation of the corporate status of Curtis Ltd. The standard of culpability focuses on the "willfulness" of the moving party and "whether that party intended to violate court rules and procedures." *Info. Sys. & Networks Corp.*, 994 F.2d at 796. Because the court discerns no willfulness on the part of plaintiff and because plaintiff is appearing pro se, the court finds that plaintiff's conduct is not culpable. The court addresses the existence of a meritorious claim below. The three factors, weighed together, support granting plaintiff's motion.

5. Plaintiff's underlying claims are for "wrongful default" of four contracts and "wrongful harassment" involving a fifth contract. *See* Compl. at 2 (unnumbered page). The court makes no finding as to whether these claims are meritorious. Ascertaining the proper party in interest is a threshold issue that must be resolved prior to reaching the merits of a claim. *See Page*, 49 Fed.Cl. at 522 & n. 1. Thus, in the present posture of this case, because the court has found that plaintiff's claim that he is the proper party in interest is legally tenable, there is a sufficient basis for the court to grant relief from judgment. Of course, if a further examination of the issue permits Mr. Curtis to pursue this action as the real party in interest, the court will need to examine whether his claims, such as his claim for "wrongful harassment" as to one contract, and of "wrongful default" of another contract as to which he does not appear to have been a party, in fact fall within the jurisdiction of this court.

is favored over a technical dismissal of a case, *see Info. Sys. & Networks Corp. v. United States,* 994 F.2d 792, 795 (Fed.Cir. 1993) (stating that it is "well-established ... that a trial on the merits is favored over default judgment"), plaintiff's motion pursuant to Rule 60(b) is GRANTED. The Clerk of Court is directed to VACATE the judgment and REOPEN the case.

Because the information currently before the court is insufficient for the court to determine the real party in interest in this case, plaintiff shall file with the court and serve on defendant on or before Friday, September 3, 2004, the following: (1) official documentation, including, without limitation, records of the Oregon Secretary of State, of Curtis Ltd.'s corporate status between approximately August 1998 and August 2000, when Curtis Ltd. entered into the contracts that form the basis of the complaint, and (2) official documentation of Curtis Ltd.'s insolvency and of the transfer of assets to Mr. Curtis as an individual, together with briefing explaining the impact of the foregoing for a determination under Rule 17 of the identity of the real party in interest in this case.

Defendant shall file with the court on or before Friday, September 17, 2004 a responsive brief addressing whether and how the corporate status of Curtis Ltd. should inform the court's determination of the real party in interest in this case. Defendant's brief shall address applicable Oregon corporation law, *see, e.g.,* Or.Rev.Stat. §§ 60.637, 60.651 (2003), and the import of relevant public records of the State of Oregon. The court refers the parties to *Talasila, Inc. v. United States,* 240 F.3d 1064 (Fed.Cir.2001), and *Page v. United States,* 49 Fed.Cl. 521 (2001).

IT IS SO ORDERED.