Derrick Devon GRIFFIN, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 10–803 C.

United States Court of Federal Claims.

Dec. 1, 2010.

Opinion Denying Motion to
Amend Jan. 4, 2011.

Derrick Devon Griffin, Crawford, FL, pro se.

Jessica R. Toplin, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

*OPINION AND ORDER*

HEWITT, Chief Judge.

Before the court is plaintiff's Complaint (Compl.), filed November 12, 2010, Docket Number 1.[1] The Complaint was captioned by plaintiff as follows: "United States of America ex. rel. Derrick Devon Griffin, Plaintiff's [sic] v. State of Florida, Incorporated and Municapl [sic] Corporations (Counties); Judicial Ministers[;] Chief Justice of Florida Supreme Court . . .; Chief Judge of the Florida District Court of Appeals . . .; Chief Judge of the Circuit/County Court . . .; Administrative Counsels[;] State of Florida Attorney General . . .; State Attorney's [sic] . . .; Third Persons . . .; Chief Clerk of the Florida Supreme Court . . .; Chief Clerk of the District Court of Appeals . . .; Chief

1. Plaintiff also submitted an Application to Proceed In Forma Pauperis. Docket Number 2. For the limited purpose of filing his Complaint (Compl.) only, plaintiff's application is GRANTED. Accordingly, the Clerk is directed to file the Complaint with no filing fee.

**4**

Clerk of the Circuit/ County Court ... [,] Defendant(s)." [23] Compl. 1–2. The official caption of the case was supplied by the office of the Clerk of Court in conformance with Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[t]he title of the complaint must name all parties ... with the United States designated as the party defendant." RCFC 10(a).

For the following reasons, the court DISMISSES plaintiff's Complaint pursuant to RCFC 12(h)(3), which states that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

## I. Background

Pro se plaintiff Derrick Devon Griffin (plaintiff or Mr. Griffin) asserts that he is filing his Complaint "on behalf of the United States of America," Compl. 4, 6, 15; *see also* Compl. 1 (showing the caption of the case as "United States of America ex. rel. Derrick Devon Griffin"), against the State of Florida, all of the counties in Florida, and numerous state and county officials and employees, Compl. 1–2. Mr. Griffin cites the False Claims Act, 31 U.S.C. §§ 3729–3733 (2006), *see* Compl. 2, 9, 10, and appears to allege that the state and counties have "defrauded the United States" by permitting judges, state attorneys, sheriffs, clerks, and other state and county employees to perform their jobs and earn wages without first taking a valid oath of office. *See* Compl. 6–15. Mr. Griffin requests that the court "[d]eclare that Florida Statute § 876.05–§ 876.10 requirement is still mandatory," Compl. 14, "[d]eclare that Florida Statute § 99.021 requirement is still mandatory," Compl. 14, "[d]eclare that Florida Statute § 105.031(4)(b) requirements [are] still mandatory," Compl. 14, declare the employment contracts of various state and local employees void, *see* Compl. 15, and require Florida to "reimburse the United States of America's Federal Treasury," Compl. 15.

## II. Legal Standards

### A. Dismissal for Lack of Subject Matter Jurisdiction

■ "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." *Folden v. United States,* 379 F.3d 1344, 1354 (Fed.Cir.2004) (citing *Fanning, Phillips & Molnar v. West,* 160 F.3d 717, 720 (Fed.Cir.1998)); *see also Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings,* 370 F.3d 1354, 1369 (Fed.Cir.2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue.") (citing *Textile Prods., Inc., v. Mead Corp.,* 134 F.3d 1481, 1485 (Fed.Cir.1998)). "In deciding whether there is subject-matter jurisdiction, 'the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings.'" *Folden,* 379 F.3d at 1354 (quoting *Shearin v. United States,* 992 F.2d 1195, 1195–96 (Fed. Cir.1993)). Although complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), pro se plaintiffs nevertheless must meet jurisdictional requirements, *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed. Appx. 860 (Fed.Cir.2004) (unpublished). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

■ The Tucker Act establishes and limits the jurisdiction of the United States Court of Federal Claims (Court of Federal Claims). 28 U.S.C. § 1491 (2006). The Tucker Act provides that this court has jurisdiction over "any claim *against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated dam-

---

**2.** Plaintiff named numerous individuals in his Complaint, which the court has omitted with ellipses for clarity.

**3.** Plaintiff also attached an appendix (Appendix (i) or App. (i)) to his Complaint, in which plaintiff included a list of judicial circuits in Florida, as well as directories of individuals employed by various courts in Florida. *See* Compl. App. (i).

ages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). The Tucker Act provides the waiver of sovereign immunity necessary for a plaintiff to sue the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). Accordingly, the Tucker Act provides the court with jurisdiction over suits "against the United States." 28 U.S.C. § 1491(a)(1). However, the Tucker Act does not confer any substantive rights upon a plaintiff. *United States v. Testan*, 424 U.S. 392, 398–401, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute or constitutional provision itself, in order for the case to proceed. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir.2008).

**B. Transfer for Lack of Subject Matter Jurisdiction**

■■ Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. *See Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed.Cir.1988) (citing *Town of North Bonneville, Wash. v. U.S. District Court*, 732 F.2d 747, 750 (9th Cir.1984)).

**III. Discussion**

For the following reasons, plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3). Ad-

ditionally, the court finds that transfer of plaintiff's case to another federal court is inappropriate.

**A. The Court Does Not Have Jurisdiction Over Plaintiff's Claims**

■■■ "The jurisdiction of the [Court of Federal Claims] is limited to suits against the United States." *McGrath v. United States*, 85 Fed.Cl. 769, 772 (2009) (citing *United States v. Sherwood*, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941)); *see* 28 U.S.C. § 1491. Therefore, the Court of Federal Claims does not have jurisdiction to hear claims against states, localities, state and local government entities, or state and local government officials and employees. *Moore v. Pub. Defenders Office*, 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.") (citing *Stephenson v. United States*, 58 Fed.Cl. 186, 190 (2003)). Rather than assert a claim against the United States, Mr. Griffin attempts to assert claims against state and local entities and employees on behalf of the United States. *See* Compl. 4–15. Because Mr. Griffin does not bring a claim against the United States,[4] Mr. Griffin's Complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction.

**B. Transfer of the Case to Another Court Is Not Appropriate**

■■■■ Although not requested to do so by plaintiff, the court considers sua sponte whether "it is in the interest of justice" to transfer plaintiff's Complaint to another court under 28 U.S.C. § 1631.[5] *See Tex.*

---

4. Even if plaintiff alleged a claim against the United States, the court would still lack jurisdiction over his claims under the False Claims Act, 31 U.S.C. §§ 3729–3733 (2006), "because monetary recovery from the government for such claims is only authorized for qui tam plaintiffs, *see* 31 U.S.C. § 3730(d), and the Federal Circuit has held that such 'qui tam suits may only be heard in the district courts.'" *Schweitzer v. United States*, 82 Fed.Cl. 592, 595–96 (2008) (quoting *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed.Cir.1995)).

5. Although plaintiff has not specifically requested a transfer, "the ... court [may] order[ ] transfer without being asked to do so by either party." *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed.Cir.2005). The court considers transfer in this case because plaintiff is proceeding pro se, *see Skillo v. United States*, 68 Fed.Cl. 734, 743 n. 15 (2005) (granting transfer of plaintiffs' claims sua sponte), and because the transfer statute language "persuasively indicates that transfer, rather than dismissal, is the option of choice," *Britell v. United States*, 318 F.3d 70, 73 (1st Cir.2003) (citing 28 U.S.C. § 1631 (2006)).

*Peanut Farmers v. United States,* 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction). The court will transfer a case when a plaintiff articulates a clearly stated and non-frivolous complaint. *See Phang v. United States,* 87 Fed.Cl. 321, 330–31 (2009), (declining to transfer the case on the grounds that plaintiff's claims "were unlikely to be meritorious in another court of the United States"), *aff'd,* 388 Fed.Appx. 961 (Fed.Cir.2010) (unpublished).

 The court determines that it is not "in the interest of justice" to transfer plaintiff's Complaint to another jurisdiction. In 2009, Mr. Griffin brought a similar complaint in the United States District Court for the Southern District of Florida, in which he alleged that "all defendants lacked a properly notarized oath of office." [6] *Griffin v. Levenson,* No. 09–61749, 2009 WL 6327397, at *2, 2009 U.S. Dist. LEXIS 126821, at *3 (S.D.Fla. Dec. 8, 2009), *aff'd* 400 Fed.Appx. 476, 2010 WL 4110679, 2010 U.S.App. LEXIS 21318 (11th Cir. Oct. 14, 2010). Finding his contention "frivolous," the court dismissed plaintiff's complaint. *Id.* at *1–2, *2–3, 2009 U.S. Dist. LEXIS 126821, at *3, *6. Because the District Court has already considered and dismissed a complaint similar to plaintiff's Complaint in this case, it is not "in the interest of justice" to transfer plaintiff's Complaint to another jurisdiction.

IV. Conclusion

For the foregoing reasons, plaintiff's Complaint is DISMISSED. The Clerk of Court is directed to ENTER JUDGMENT in favor of defendant. No costs.

IT IS SO ORDERED.

*OPINION AND ORDER*

Before the court is plaintiff's Motion to Alter or Amend Judgment (plaintiff's Motion

6. The court notes that three of the listed defendants in plaintiff's Complaint, Michael J. Satz, Kenneth Jenne, and Al Lamberti, Compl. 1, were named as defendants in *Griffin v. Levenson,* No. 09–61749, 2009 WL 6327397, at *1, 2009 U.S.

or Pl.'s Mot.), filed December 27, 2010, Docket Number (Dkt. No.) 7.

Pursuant to Rule 59(e) of the Rules of the United States Court of Federal Claims (RCFC), "[a] motion to alter or amend a judgment must be filed no later than 30 days after the entry of the judgment." RCFC 59(e). Judgment was entered for defendant on December 1, 2010, *see* Judgment of Dec. 1, 2010, Dkt. No. 6, and plaintiff timely filed his Motion on December 27, 2010, *see* Pl.'s Mot.

I. Background

In his Complaint (Compl.), pro se plaintiff Derrick Devon Griffin (plaintiff or Mr. Griffin) asserted that he filed the suit "on behalf of the United States of America," Compl. 4, 6, 15; *see also* Compl. 1 (showing the caption of the case as "United States of America ex. rel. Derrick Devon Griffin"), against the State of Florida, all of the counties in Florida, and numerous state and county officials and employees, Compl. 1–2. Mr. Griffin cited the False Claims Act, 31 U.S.C. §§ 3729–3733 (2006), *see* Compl. 2, 9, 10, and alleged that the state and counties have "defrauded the United States" by permitting judges, state attorneys, sheriffs, clerks, and other state and county employees to perform their jobs and earn wages without first taking a valid oath of office. *See* Compl. 6–15. The court held that "[b]ecause Mr. Griffin does not bring a claim against the United States, Mr. Griffin's Complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction." *Griffin v. United States,* 96 Fed.Cl. 1, 5 (2010). Furthermore, because a district court previously had dismissed a similar complaint from Mr. Griffin, the court determined that it was not "in the interest of justice" to transfer plaintiff's Complaint. *Id.* at 6 (quoting 28 U.S.C. § 1631 (2006)).

In his Motion, plaintiff asks the court to alter or amend the court's judgment pursuant to RCFC 59(e). Pl.'s Mot. 1. For the

Dist. LEXIS 126821, at *3 (S.D.Fla. Dec. 8, 2009), *aff'd* 400 Fed.Appx. 476, 2010 WL 4110679, 2010 U.S.App. LEXIS 21318 (11th Cir. Oct. 14, 2010).

following reasons, plaintiff's Motion is DE-NIED.

## II. Legal Standards

The applicable standards for reconsideration of final decisions are set forth in RCFC 59(a) and RCFC 60(b). Plaintiff does not invoke either rule in his filing. *See* Pl.'s Mot. *passim.* Rule 59(a) provides that rehearing or reconsideration may be granted as follows:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1).

Rule 60(b) provides that relief from a final judgment, order, or proceeding may be granted "[o]n motion and just terms," for certain enumerated reasons, RCFC 60(b), two of which are potentially relevant to plaintiff's Motion, *see* Pl.'s Mot. 2. "A motion under Rule 60(b)(3) covers misconduct, including fraud and misrepresentation, and requires the moving party to establish the misconduct by clear and convincing evidence." *Dynacs Eng'g Co. v. United States,* 48 Fed. Cl. 240, 242 (2000) (citation omitted). Rule 60(b)(6) provides for relief for "any other reason that justifies relief." RCFC 60(b)(6).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). "The court must consider such motion with 'exceptional care.'" *Henderson County Drainage Dist. No. 3 v. United States (Henderson),* 55 Fed.Cl. 334, 337 (2003) (quoting *Fru–Con Constr. Corp. v. United States (Fru–Con),* 44 Fed.Cl. 298, 300 (1999)). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." *Matthews v. United States,* 73 Fed.Cl. 524, 525 (2006) (quoting *Froudi v. United States,* 22 Cl.Ct. 290, 300 (1991)). "Motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" *Fru–Con,* 44 Fed.Cl. at 300 (brackets omitted) (quoting *Seldovia Native Ass'n Inc. v. United States (Seldovia),* 36 Fed.Cl. 593, 594 (1996), *aff'd,* 144 F.3d 769 (Fed.Cir.1998)).

The moving party must support its motion for reconsideration by a showing of exceptional circumstances justifying relief, based on a manifest error of law or mistake of fact. *Henderson,* 55 Fed.Cl. at 337; *Principal Mut. Life Ins. Co. v. United States (Principal),* 29 Fed.Cl. 157, 164 (1993), *aff'd,* 50 F.3d 1021 (Fed.Cir.1995). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews,* 73 Fed.Cl. at 526 (citing *Griswold v. United States,* 61 Fed.Cl. 458, 460–61 (2004)). Where a party seeks reconsideration on the ground of manifest injustice, it cannot prevail unless it demonstrates that any injustice is "apparent to the point of being almost indisputable." *Pac. Gas & Elec. Co. v. United States,* 74 Fed.Cl. 779, 785 (2006), *rev'd on other grounds,* 536 F.3d 1282 (Fed.Cir.2008). In a motion for reconsideration, under RCFC 59(a), "manifest" is understood as "clearly apparent or obvious." *Ammex, Inc. v. United States,* 52 Fed.Cl. 555, 557 (2002) (quoting *Principal,* 29 Fed.Cl. at 164), *aff'd,* 384 F.3d 1368 (Fed.Cir.2004).

Accordingly, the moving party "must do more than 'merely reassert[ ] arguments which were previously made and were carefully considered by the court.'" *Bannum, Inc. v. United States,* 59 Fed.Cl. 241, 243 (2003) (quoting *Henderson,* 55 Fed.Cl. at 337). A court "will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the [c]ourt.'" *Ammex,* 52 Fed.Cl. at 557 (emphasis and omissions in original) (quoting *Principal,* 29 Fed.Cl. at 164).

## III. Discussion

### A. There Has Been No Change in Controlling Law

The jurisdiction of the United States Court of Federal Claims (Court of Federal Claims) is set forth in the Tucker Act, 28 U.S.C. § 1491. The Tucker Act provides that the Court of Federal Claims has jurisdiction to hear claims "*against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added). Rather than assert a claim against the United States, Mr. Griffin attempted to assert claims against state and local entities and employees on behalf of the United States. *See* Compl. 4–15. In his Motion, Mr. Griffin reasserted that "at no time is this Complaint against the United States of America, but against the State of Florida." Pl.'s Mot. 2. The Court of Federal Claims does not have jurisdiction to hear claims against states, localities, state and local government entities, or state and local government officials and employees. *Moore v. Pub. Defenders Office*, 76 Fed.Cl. 617, 620 (2007) (citing *Stephenson v. United States*, 58 Fed.Cl. 186, 190 (2003)).

 Even if plaintiff had alleged a claim against the United States, the court would still lack jurisdiction over his claims because plaintiff failed to establish an independent substantive right to money damages from the United States. *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed.Cir.2008). Plaintiff argues that the "substantive right rest[s] in the federal False Claims Act, 31 U.S.C. §§ 3729–3733" and in "Florida statu[t]e § 68.082(1)(A)." Pl.'s Mot. 2–3. However, the Court of Federal Claims does not have jurisdiction over claims under the False Claims Act, 31 U.S.C. §§ 3729–3733, "because monetary recovery from the government for such claims is only authorized for qui tam plaintiffs, *see* 31 U.S.C. § 3730(d), and the [United States Court of Appeals for the Federal Circuit] has held that such 'qui tam suits may only be heard in the district

courts.'" *Schweitzer v. United States*, 82 Fed.Cl. 592, 595–96 (2008) (quoting *LeBlanc v. United States*, 50 F.3d 1025, 1031 (Fed.Cir. 1995)). Furthermore, the court does not have jurisdiction over alleged violations of state laws because state statutes do not create a right to money damages against the United States. *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed.Cir.2007). In his Motion, plaintiff, for the first time, also alleges a violation of "equal protection of laws." Pl.'s Mot. 7. The Fourteenth Amendment's Equal Protection Clause is not money-mandating, *Tasby v. United States*, 91 Fed.Cl. 344, 346 (2010) (citing *LeBlanc*, 50 F.3d at 1028), so even if plaintiff had asserted this claim in his Complaint, the claim would have been dismissed for lack of jurisdiction.

Because there has been no change in the applicable law, plaintiff is not entitled to reconsideration on the ground of "an intervening change in the controlling law. . . ." *Matthews*, 73 Fed.Cl. at 526 (quoting *Griswold*, 61 Fed.Cl. at 460–61).

### B. There is No Previously Unavailable Evidence

 Plaintiff does not raise any new evidence in his Motion. *See* Pl.'s Mot. *passim.* In his Motion, Mr. Griffin states that "the court . . . correctly wrote the nature of the complaint filed." Pl.'s Mot. 1. Mr. Griffin then reiterates the claims he raised in his Complaint: "(1) the U.S. Treasury on behalf of the United States forwarded money to the State of Florida, Incorporated, allocating the disbursements by the Chief Financial Officer of the State of Florida, Incorporated; (2) the defendants then submitted fr[au]dulent contract vouchers to be paid money from the funds sent by the United States for over seven (7) years; and (3) all monies paid would need to be reimbursed to the United States of America's Treasury Department." Pl.'s Mot. 2. Although Mr. Griffin attached two exhibits to his Motion that he did not attach to his Complaint, *see* Plaintiff's Exhibits M and N (letters from the Attorney General of Florida to a Tamarac City Attorney and to an attorney for the Dade County Value Adjustment Board, respectively), these

exhibits are not previously unavailable evidence. The letters are more than ten years old and are dated September 22, 1999 and January 26, 2000, respectively. *See id.*

■ A party, even a pro se party, cannot prevail on a motion for reconsideration by raising an issue that was litigated, or could have been litigated at the time the complaint was filed. *Matthews,* 73 Fed.Cl. at 525–26 (construing pro se plaintiff's pleadings liberally but nevertheless finding that a pro se plaintiff cannot prevail on reconsideration by offering previously available evidence). Plaintiff has pointed to no previously unavailable evidence that would make reconsideration appropriate.

### C. Plaintiff is Unable to Demonstrate Manifest Injustice

■ Plaintiff has likewise failed to demonstrate that there has been manifest injustice. There is nothing that plaintiff points to, or that the court can discern, that approaches the requisite level of injustice needed to support reconsideration. *See Pac. Gas & Elec. Co.,* 74 Fed.Cl. at 785. Plaintiff is dissatisfied with the result, but dissatisfaction does not warrant reconsideration. *See Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed.Cl. 27, 31 (2007); *Seldovia,* 36 Fed.Cl. at 594.

### D. Plaintiff is Unable to Demonstrate Fraud, Misrepresentation or Misconduct by Defendant

■ Plaintiff states that "the defendant[s] knew of the fr[au]d and attempted to cover it up, and did for over seven (7) years."[1] Pl.'s Mot. 2. Under RCFC 60(b)(3), which addresses misconduct, including fraud, "the moving party [must] establish the misconduct by clear and convincing evidence." *Dynacs Eng'g Co.,* 48 Fed.Cl. at 242 (citation omitted). "In addition, the movant must show that the fraud or misconduct prevented the movant from receiving a fair hearing or trial." *Madison Servs., Inc. v. United States,* 94 Fed.Cl. 501, 507 (2010) (citing

*Hutchins v. Zoll Med. Corp.,* 492 F.3d 1377, 1386 (Fed.Cir.2007)). Plaintiff's bare allegation of fraud is not supported by documentation or concrete details and therefore is insufficient to establish fraud by clear and convincing evidence. *See Dynacs Eng'g Co.,* 48 Fed.Cl. at 242 (citation omitted).

## IV. Conclusion

Because plaintiff attempts to re-litigate issues the court has already considered and alleges fraud without any documentation or specific detail, the court declines to alter, amend, reconsider or otherwise grant plaintiff relief from the court's judgment.

For the foregoing reasons, plaintiff's Motion is DENIED.

IT IS SO ORDERED.

---

1. Plaintiff appears to refer to the State of Florida, rather than the United States, as defendant. *See* Pl.'s Mot. 2. However, given the liberal pleading requirements afforded to pro se plaintiffs, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court addresses Mr. Griffin's fraud claim as if he is referring to the United States as defendant.