# In the United States Court of Federal Claims

No. 13-19C

**This Order Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It
Does Not Add Significantly to the Body of Law.**

(Filed:  August 12, 2013)

––––––––––

WILLIAM OSCAR HARRIS,

             Plaintiff,

    v.

UNITED STATES, CHARLES E. SAMUELS,
JR., THOMAS R. KANE AND
HARLEY G. LAPPIN,

             Defendants.

––––––––––

**ORDER**

––––––––––

On January 9, 2013, plaintiff, William Oscar Harris, filed a complaint in this court seeking, *inter alia*, $40 million for the alleged breach of an agreement that plaintiff claims arose between him and former United States Treasury Secretary John Snow.  On March 4, 2013, defendant filed a motion to dismiss the complaint under RCFC 12(b)(1).  On June 6, 2013, following the completion of briefing on defendant's motion, the court issued an opinion granting defendant's motion to dismiss.  The Clerk entered judgment that same day.  On July 19, 2013, plaintiff filed a motion for relief from judgment pursuant to RCFC 60(b)(1) and (6).  On July 22, 2013, plaintiff filed a notice of appeal indicating that he appealed this court's June 6, 2013, judgment to the United States Court of Appeals for the Federal Circuit.  For the reasons described below, plaintiff's motion is **DENIED**.

Despite the fact that plaintiff has appealed the judgment entered in this case, this court, pursuant to RCFC 62.1, may issue certain rulings with respect to plaintiff's motion.  As stated in that rule, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion."  RCFC 62.1(a)(2).  *See Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.,* 607 F.3d 1066, 1074 (5th Cir. 2010) (discussing the analogous provision in the Federal Rules of Civil Procedure).

RCFC 60(b)(1) and (6) respectively permit the court to provide relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason

that justifies relief." With regard to RCFC 60(b)(1), a mistake or inadvertence can serve as the ground for relief if the judgment is based on "[a]n error, misconception, or misunderstanding; an erroneous belief," or an omission. *Curtis v. United States*, 61 Fed. Cl. 511, 514 (2004) *see also CAN Corp. v. United States*, 83 Fed. Cl. 1, 8 (2008), *aff'd*, 332 Fed. Appx. 638 (Fed. Cir. 2009). A motion for relief from a judgment under RCFC 60(b)(6) "calls for extraordinary relief," and, therefore, "may be granted only where there is a showing of exceptional circumstances." *Webster v. United States*, 93 Fed. Cl. 676, 679 (2010) (citing *Wash. Med. Ctr., Inc. v. United States*, 211 Ct. Cl. 379, 379 (1977)); *see also Hildebrand v. Steck Mfg. Co., Inc.*, 292 Fed. Appx. 921, 925 (Fed. Cir. 2008), *cert. denied*, 129 S. Ct. 1627 (2009) (interpreting FRCP 60(b)).[1] The court has considerable discretion regarding whether to grant relief under Rule 60(b). *Yuba Natural Res., Inc. v. United* States, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *Dynacs Eng'g Co. v. United States*, 48 Fed. Cl. 240, 241 (2000). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." *Matthews v. United States*, 73 Fed. Cl. 524, 525 (2006) (quoting *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991)); *see also, e.g.*, *Griffin v. United States*, 96 Fed. Cl. 1, 7 (2010).

The court has reviewed the arguments made in Mr. Harris' motion and finds that none has merit. For example, plaintiff argues that the court should provide relief from the judgment because it "overlooked significant discovery evidence" and thereby "committed a clear error of judgment" and "an abuse of discretion." Plaintiff appended to his motion the allegedly significant discovery evidence he claims the court overlooked. However, most of the documents plaintiff attached to his motion were included with other filings plaintiff made in this case, and were consequently previously considered by the court. Moreover, none of these documents, nor the arguments advanced in plaintiff's motion, convince the court that the conclusion reached in its prior opinion – that it lacks jurisdiction over all of plaintiff's claims – is the least bit erroneous. Most importantly, plaintiff has not convinced the court that the judgment entered in this case was the result of "mistake, inadvertence, surprise, or excusable neglect," or that there is "any other reason that justifies relief." RCFC 60(b)(1), (6). For the most part, plaintiff simply restates arguments that this court has already rejected – and the court sees no reason to depart from its prior ruling. Accordingly, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge

---

[1] The court may look to authorities interpreting FRCP 60(b) to interpret RCFC 60(b). *See Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 794-95 & n.3 (Fed. Cir. 1993).