# In the United States Court of Federal Claims

No. 25-383C
(Filed: June 23, 2025)
**NOT FOR PUBLICATION**

```
*************************************
MARCUS K. MARSH,                        *
                                        *
                Plaintiff,              *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
                Defendant.              *
                                        *
*************************************
```

## ORDER

Plaintiff Marcus K. Marsh, proceeding *pro se*, seeks recovery of money allegedly owed by the United States to the Direct Assistant International Organization ("DAIO"), also listed as a plaintiff. Initially, Mr. Marsh did not pay the filing fee or show grounds for proceeding *in forma pauperis*. *See* Pl.'s Mot. to Proceed IFP (ECF 2). In addition, the complaint did not show any basis for DAIO to proceed without an attorney or for Mr. Marsh to seek recovery on behalf of DAIO. *See* Am. Compl. (ECF 6). This Court therefore ordered Mr. Marsh to pay the filing fee and to file "either (1) a second amended complaint limited to claims he is allowed to bring *pro se*, or (2) an appearance of counsel on behalf of [DAIO]." *See* Order at 1 (ECF 8).

On June 4, 2025, Mr. Marsh submitted a new pleading, which I construe as a second amended complaint, and which shall be **FILED BY MY LEAVE**.

The second amended complaint continues to list DAIO as a plaintiff. 2d Am. Compl. at 1 (ECF pagination). Organizations can only appear in this Court through counsel. *Sermor, Inc. v. United States*, 13 Cl. Ct. 1, 5 (1987); RCFC 83.1(a)(3); *see, e.g.*, *Curtis v. United States,* 61 Fed. Cl. 511, 514 (2004); *Hutchens v. United States*, 89 Fed. Cl. 553, 564 (2009); *Alli v. United States*, 93 Fed. Cl. 172, 176 (2010) (citing *Osborn v. President of Bank of United States*, 22 U.S. 738, 830 (1824)). DAIO must therefore be dismissed.

Mr. Marsh claims that he has been injured indirectly because if the government had made the required payments to DAIO, the money would have gone to his compensation. 2d Am. Compl. at 4. But the fact remains that "a suit for

damages arising from an injury to the corporation can only be brought by the corporation itself or by a shareholder derivatively if the corporation fails to act." *La Van v. United States*, 382 F.3d 1340, 1350 (Fed. Cir. 2004) (alteration omitted). Even then, shareholders may not "bring a pro se action purporting to be a derivative action for purposes of circumventing the prohibition on pro se representation of corporations." *First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1292 (Fed. Cir. 1999) (citing *Whited v. United States*, 230 Ct. Cl. 963, 965 (1982)); *see also Page v. United States*, 49 Fed. Cl. 521, 528–29 (2001) ("To maintain a shareholder derivative action in this court, a shareholder must be represented by counsel."). Harms to DAIO are therefore insufficient to confer standing on Mr. Marsh. *Pacetti v. United States*, 50 Fed. Cl. 239, 244–45 (2001). His personal claims must therefore be dismissed as well.

Mr. Marsh appears to request appointment of pro bono counsel. 2d Am. Compl. at 4. Assuming he means his pleading to incorporate a motion for referral to the Bar of this Court for pro bono counsel, he provides no evidence that he or DAIO is entitled to money from the government. In the absence of any corroboration for the merits of his claim, the request is therefore **DENIED**.

Mr. Marsh has submitted a filing fee, which the Clerk is directed to return. The second amended complaint is **DISMISSED**.

The Clerk is directed to enter judgment accordingly.


    **IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge